### In re HATCH.

#### (District Court, S. D. Iowa, E. D.    June 19, 1900.)

BANKRUPTCY—EXEMPT PROPERTY—RIGHTS OF MORTGAGE CREDITOR.

Where property claimed by a bankrupt as exempt has been set apart and delivered to him by the trustee, it passes out of the possession and control of the court of bankruptcy, and the trustee has no right or title thereto, nor the general creditors any interest or equity in such property; and therefore the court of bankruptcy will not, on the petition of a creditor claiming a lien on such property by virtue of a chattel mortgage, order the bankrupt to restore the property to the trustee, in order that it may be sold by the latter for the benefit of the mortgagee.

In Bankruptcy. On review of decision of referee in bankruptcy with reference to claim of E. D. Mahon, a creditor.

Work & Work, for bankrupt.

Walter W. Rankin, for creditor.

SHIRAS, District Judge. From the facts certified by the referee in this case, it appears that on the 1st day of March, 1899, the bankrupt, James H. Hatch, executed and delivered to E. D. Mahon a chattel mortgage upon certain personal property, including one bay mare and a lumber wagon, to secure the payment of a debt of $125; that this mortgage was not filed for record or recorded as required by the provisions of the Code of Iowa; that on the 30th day of March, 1900, James H. Hatch was duly adjudged a bankrupt upon his own petition, and a trustee of his estate was appointed and qualified; that upon the application of the bankrupt the property exempt to him was set apart, there being included therein the bay mare and lumber wagon covered by the mortgage to E. D. Mahon; that the said E. D. Mahon filed her claim, based upon the note held by her and the chattel mortgage, and asked that the same be allowed as a preferred claim against the property included in the mortgage; that upon a hearing had before the referee it was ordered "that said claim be denied as a secured or preferred claim, but the same shall stand as a common claim, and be, and the same is, allowed as such for $72.75,"—the referee holding that the failure to record the mortgage rendered it invalid, under section 67a of the bankrupt act. It further appears that on the 26th day of May, 1900, E. D. Mahon filed a petition before the referee, asking that an or-

der be made requiring the bankrupt to turn over and deliver to the trustee the bay mare and wagon set apart as exempt property, in order that the trustee might sell the same, and apply the proceeds to the payment of the claim due the petitioner. Upon the hearing on this petition the referee entered an order to the effect "that on demand the bankrupt, James H. Hatch, shall surrender and deliver to Edgar Daggett, trustee herein, the said mare, Nell, and the said lumber wagon; the said trustee to sell the same at public auction, first posting ten days' notice of the time and place of said sale, or at private sale, for not less than seventy-five per cent. of the appraisal; the proceeds, less expense of taking, keeping, and selling, or so much thereof as may be necessary, to be paid to the said E. D. Mahon." To this order the bankrupt excepted, and now presents the question of the validity of the order to this court for determination.

By the provisions of section 70 of the bankrupt act it is declared that there shall be vested in the trustee the title of the bankrupt, as it existed at the date of the adjudication, to the various kinds of property enumerated in the section, "except in so far as it is to property which is exempt." As the bay mare and the lumber wagon in controversy were set apart to the bankrupt as property exempt under the provisions of the Code of Iowa, it follows that the trustee is not vested with the title to this property, nor has he any equity therein as the representative of the general creditors. The trustee cannot assert any right to the property, nor show any ground for asking an order for a sale thereof. The actual possession of the property is held by the bankrupt, and since the same was segregated from the estate, and assigned to the bankrupt as exempt, it has ceased to be within either the actual or constructive possession of the court of bankruptcy. The situation is not one, therefore, which enables the creditor to invoke the jurisdiction of the court on the ground that, as the property is in the possession of the court, it can take jurisdiction over claims sought to be enforced against the property. The order excepted to requires the bankrupt, on demand, to deliver up the possession of the property to the trustee, and then directs the trustee to make sale thereof for the benefit of the mortgagee. The jurisdiction cannot, therefore, be sustained on the theory that the court has possession of the property; and I fail to see upon what ground the court in bankruptcy can undertake to direct the sale of property not in its possession, to which the trustee has no title, and in which the creditors have no interest or equity. The question whether the mortgagee can enforce the mortgage against the horse and wagon is one in which the other creditors and the trustee have no interest, but is simply a question to be decided between the mortgagor and mortgagee; and as the property in dispute does not form any part of the bankrupt's estate, and is not in the possession or under the control of the court, the referee should have refused to entertain the petition of the mortgagee, for want of jurisdiction. The order excepted to is therefore reversed, and the referee is directed to enter an order dismissing the petition, for the reason stated.