### In re SEYDEL.

(District Court, N. D. Iowa, Cedar Rapids Division. November 6, 1902.)

1. BANKRUPTCY—EXEMPT PROPERTY—DEBT NOT SUBJECT TO CLAIM OF EXEMPTION.

The fact that the claim of a creditor against a bankrupt is for the purchase price of property which has been set apart to the bankrupt as exempt, against which the law of the state gives no right of exemption, does not bring such property within the jurisdiction of the bankruptcy court, nor entitle such creditor to an order requiring the trustee to take possession of and administer it for his benefit.

In Bankruptcy. On certificate of referee with respect to application of Thomas Metcalf, asking that the trustee be ordered to take possession of certain personal property.

Remley & Ney, for creditors.

SHIRAS, District Judge. From the certificate of facts sent up by the referee in this case, it appears that George F. Seydel was duly adjudged a bankrupt on September 18, 1902; that a trustee of his estate has been duly appointed; that certain carpets and other household furnishings have been set apart to the bankrupt as exempt property; that one Thomas Metcalf, a creditor, has proved up a claim against the estate in the sum of $55, and has filed a petition or application ask-

ing that the referee enter an order requiring the trustee to take possession of the named property, in order to subject it to the payment of the petitioner's claim, who avers that the debt due him from the bankrupt is for the purchase price of the property, and therefore, under the exemption laws of the state of Iowa, is liable for such purchase-price indebtedness. The referee refused to grant the requested order, and the question thus presented has been certified to this court for consideration. This general question was before the court in Re Hatch (D. C.) 102 Fed. 280; it being therein held that where particular property has been set apart to the bankrupt as exempt, possession thereof being delivered to the bankrupt, so that the property is no longer in the possession of the court or of the trustee, and it being property in which the general creditors had no interest, a particular creditor who claimed a special lien on such property was not entitled to have an order directing the trustee to take possession thereof and sell the same for the benefit of one creditor. As property which is set apart and delivered to the bankrupt as exempt, or which, being exempt, is never taken possession of by the trustee, is not within the actual possession and control of the court, and as the title thereto does not vest in the trustee (section 70, Bankr. Act), it is difficult to see upon what ground it can be claimed that the trustee can assert any title in, or right to the possession of, the property in question. Furthermore, it is apparent that no possible benefit can inure to the general creditors from a sale of the property by the trustee; but, on the contrary, if the expense attending the taking possession and sale of the article should exceed the sum realized from the sale thereof, the excess of such expense might be chargeable upon the estate belonging to the general creditors, which certainly would not be a just result as between them and the creditor claiming a special lien or right therein, and it is a well-settled rule that the trustee is not obliged to take charge of property unless there is a reasonable prospect of realizing something therefrom for the benefit of the estate which he represents. A creditor who claims that he has a lien upon specific property, or a right to subject the same to the payment of his particular claim, from which liability it is not freed by the exemption laws of the state, cannot rightfully demand that the trustee should undertake to get possession of the property, and to sell it for the benefit of the one creditor only.

The ruling of the referee is therefore affirmed.