In re HOLDEN et ux.

(District Court, D. Washington, N. D. February 10, 1904.)

Nos. 1,953, 1,954.

1. BANKRUPTCY—EXEMPTIONS—WAGES—HEAD OF A FAMILY.

Under Ballinger's Ann. Codes & St. Wash. § 5412, providing that current wages or salary to the amount of $100 for personal services rendered by any person having a family dependent on him for support shall be exempt from garnishment, a husband, who was the head of a family, on becoming a bankrupt, was entitled to such amount of wages as exempt under such section, in addition to an allowance of $250 in lieu of certain domestic animals, exempt under another statute, providing that, if the debtor does not possess or does not desire to retain such animals, other property or money to the amount of $250 may be set off to him.

2. SAME—STATUTES—AMENDMENT.

Where wages of a bankrupt (who was the head of a family) claimed to be exempt were earned by him while Ballinger's Ann. Codes & St. Wash. § 5412, exempting wages to the amount of $100 from garnishment, was in force, the bankrupt's claim under such section was not affected by the subsequent amendment of such section by Laws Wash. 1901, p. 294, c. 139, reducing the amount of the exemption.

3. SAME.

Ballinger's Ann. Codes & St. Wash. §§ 5981–5983, create a legal preference in favor of claims for wages in proceedings against insolvent debtors and estates of deceased persons, and the latter section declares that in case of executions, attachments, and similar writs issued against any person, except for claims for labor done, persons who have claims against the defendant for labor may, by giving notice, become entitled to payment out of the proceeds of the sale of the debtor's property of the amount due for services rendered within 60 days next preceding the levy of the writ, not exceeding $100. Held that, where a receiver of an insolvent corporation was directed by the court to pay the trustees of the bankrupts $224.72 for wages earned by them within a period of 60 days next preceding the appointment of the receiver, the bankrupts were each entitled to an exemption of $100 from such allowance under such statute.

In Bankruptcy. Hearing on questions certified by referee respecting money collected by the trustee of the bankrupt estate, which was earned by the bankrupts, who are husband and wife, as wages, and claimed by them as part of their exempt property. Claim allowed in part.

Carroll & Carroll, for bankrupts.

Bausman & Kelleher, for creditors.

HANFORD, District Judge. This case has been brought on for hearing upon a report of the referee, in which he certifies a question raised by a petition of the bankrupts for an additional allowance to them of exemptions on account of a sum of money which they earned as wages, and which has been collected by the trustee. The material facts to be considered are as follows: Previous to the initiation of the bankruptcy proceedings herein, the two bankrupts, who are husband and wife, were employed by a corporation engaged in the furniture business, D. N. Holden being the general manager, and Lizzie Holden manager of the drapery and carpet department of said company, each receiving a salary of $25 per week. The business of said company was

taken in charge by a receiver appointed by the superior court of the state of Washington for King county, and at that time there was due to each of the bankrupts, on account of wages for their services, the sum of $140, all of which was earned within a period of 60 days next preceding the appointment of the receiver. The superior court allowed and required the receiver to pay to each of them, on account of their claims for wages, $112.36, and after the adjudication in bankruptcy herein the receiver paid said money, amounting in the aggregate to $224.72, to the trustee of the bankrupts' estate. Holden and wife claimed said money, and asked to have it set off and paid to them as part of their exempt property under the laws of the state of Washington. The exemption law of this state contains a provision exempting from execution or attachment for debt certain domestic animals, or in lieu thereof, when the debtor does not possess or does not desire to retain such animals, other property or money to the amount of $250, and, pursuant to that law, the referee made an order awarding to the petitioners the sum of $14.70, which, added to a previous award, made the full amount of $250, which the petitioners are entitled to claim in lieu of domestic animals. The petitioners also claim that said money is exempt because it was earned by them as wages for their personal services, and necessary for the support of the family, and this claim was disallowed by the referee without assigning the reasons for his decision in his certificate to the court.

By section 5412, Ballinger's Ann. Codes & St., it is provided that current wages or salary, to the amount of $100, for personal services rendered by any person having a family dependent upon him for support, shall be exempt from garnishment. The money which is the subject of controversy herein was earned while this law was in force, and it is my opinion that the claim of D. N. Holden for the amount of $100 is valid by force of the statute cited. Section 5412 was amended in 1901 (Laws 1901, p. 294, c. 139; Pierce's Code, § 565), the object of the amendment being to reduce the amount of exemption in cases where the garnishment is founded upon a claim for necessaries furnished to the debtor or his family, but the amendment was subsequent to the appointment of the receiver by whom the money was paid to the trustee, and therefore it is not applicable in this case. Sections 5981–5983, Ballinger's Ann. Codes & St. (sections 6124–6126, Pierce's Code), create a legal preference in favor of claims for wages, in proceedings against insolvent debtors and estates of deceased persons. The latter section provides that, in cases of executions, attachments, and writs of similar nature issued against any person, except for claims for labor done, persons who have claims against the defendant for labor done may, by giving notice in the manner prescribed, become entitled to payment out of the proceeds of the sale of the debtor's property of the amount due for services rendered within 60 days next preceding the levy of the writ, not exceeding $100. It is true that this section is part of the lien law of this state, and in terms it creates a preference in favor of wage earners who have become creditors of an execution debtor on account of wages earned by their services; nevertheless it is an exemption law, because, in effect, it exempts sufficient of the assets of the debtor, against whom a writ is directed, to pay the wages due

to his employés to the limited extent specified. This exemption, however, is not intended as grace to the employer, but as protection to his employés, the object of the law being to create a legal preference in favor of wage creditors, and this is personal to them, because the benefit of the preference cannot be grasped by their creditors, intervening to intercept the payment of wages, without defeating the manifest purpose intended. There is a necessary presumption that the law is founded in reason, and the obvious reason for this law is that wages are an incentive to labor, and the majority of people are dependent upon wages for the necessaries of life. The state has a direct interest in promoting industry, and in the independence and comfort of all of its inhabitants, and it should not permit judicial process to be used to drive any person, who is able and willing to work, to destitution, nor to become a public burden as a pauper. The law must be construed so as to grant complete exemption of wages from seizure under judicial process against employés who earn wages, as well as against their employers; otherwise the law may be perverted by enabling creditors of employés to gain an unjust advantage over creditors of their employers. A good illustration may be given by supposing the facts in this case to be that the assets of the company by which the petitioners were employed were not sufficient to discharge all of its liabilities, that the fund in the receiver's hands was reduced by the payment made to the trustee in bankruptcy, and that the money was by the superior court held to be exempt from claims of the employer's creditors, because it was due to the petitioners as wages, and ordered to be paid to the trustee, as their representative, in compliance with this statute. Then, if the trustee disburses the money to the creditors of the petitioners, they will have gained a preference over creditors of the employer, although in law and justice their claims are not of any higher merit.

It is my opinion that under this law the bankrupts are each entitled to an allowance of $100, in addition to the $14.70 allowed by the referee, and I direct that an order be entered in their favor accordingly.