[No. 6663.  Decided June 17, 1907.]

HARRIET A. ERVAY, *Respondent*, v. ALBERT E. HILL *et al.*,
*Appellants*.[1]

EXECUTIONS—SALE—NOTICE—OBJECTIONS—RETURN.  Objection to
an execution sale, on the ground that notice of the sale was not
given as required by statute, cannot be made where the sheriff's
return shows substantial compliance with the statute.

EXEMPTIONS—LIABILITY OF AGENTS—STATUTES.  An action to re-
cover money paid to a spiritualistic medium, secured by fraud and
false representations as to communications received from plaintiff's
deceased husband directing the plaintiff to pay the money to the de-
fendant, is not an action to recover on a liability incurred by an
attorney or agent for money of his client or principal coming into
his hands, within Laws 1901, p. 323, providing that no property
shall be exempt from execution on such a liability.

SAME—HOMESTEADS—STATUTES—IMPLIED REPEAL.  Laws 1901, p.
323, amending Bal. Code, § 5284a, and providing that "no property"
shall be exempt from liability incurred by an attorney or agent on
account of money of his client or principal coming into his hands,
has no application to homestead exemptions, as Bal. Code, § 5248a,
refers only to personal property exemptions, and the repeal of a
specified section does not repeal by implication other sections em-
bracing other subject-matter.

Appeal from an order of the superior court for Snohomish
county, Black, J., entered October 22, 1906, confirming a
sale of property on execution and refusing to allow a home-
stead exemption therein.  Reversed.

*J. H. Naylor* and *Merrick & Mills*, for appellants.

DUNBAR, J.—This is an appeal from an order of the su-
perior court of Snohomish county, confirming a sale of certain
lands, the property of the judgment debtors, and refusing to
allow a homestead exemption on said lands.  The original com-
plaint, upon which the judgment was obtained, was, in sub-
stance, that the plaintiff and her husband at the time of his

[1]Reported in 90 Pac. 590.

death were believers in the faith commonly known as "spirit-
ualism," one of the tenets of which is that it is possible for
persons, through the intervention of another person known as
a spiritual medium, to communicate with the spirits of de-
parted persons; that immediately prior to the death of plain-
tiff's husband, he transferred and set over to plaintiff, as her
sole, separate property, all of the real and personal property
then owned by him, either as his separate property or as the
community property of himself and plaintiff; that the plain-
tiff was the sole owner of the said property above referred to,
which was well known to the defendants; that immediately
following the death of her husband the defendants unlaw-
fully, fraudulently, and wickedly entered into a conspiracy
to cheat and defraud the plaintiff out of her said property
and to appropriate the same unlawfully and fraudulently to
their own use, and to that end fraudulently represented to
the plaintiff that the said defendant Albert E. Hill was him-
self a *bona fide* believer in the spiritualistic faith; that he
was a spiritual medium, endowed with the faculty of com-
municating with the spirits of deceased persons; that he had
had a communication with the spirit of plaintiff's deceased
husband, in which the spirit of the said deceased husband,
speaking through the said Hill, had communicated to the de-
fendant Hill a desire that she, said plaintiff, should donate
to the defendants the sum of $2,500 for their use and bene-
fit; and that, believing in said representations, she paid to the
defendant Albert E. Hill the sum of $1,045, and surrendered
to the said Hill one certain promissory note in the sum of
$100, held by her against said Albert E. Hill, in evidence of a
just obligation then owing to her by said Albert E. Hill;
that shortly thereafter the defendant Hill claimed to have
had another communication with the spirit of the deceased
husband of the plaintiff, in which the spirit of the husband,
speaking through the defendant Albert E. Hill, advised plain-
tiff to execute and deliver to said defendant a general power
of attorney to transact her business; that in response to

said asserted communication, such power of attorney was exe-
cuted and that, acting under such power of attorney, the de-
fendant Hill wrongfully obtained from the plaintiff the sum
of $717.88; that the defendants have wholly failed to account
to the plaintiff for any part of said money so obtained; that
the representations made by the said defendants as to the
spiritualistic power of the said Albert E. Hill were false and
made for the purpose, and with the intent, of defrauding the
said plaintiff; that by reason of the premises she has sustained
damages in the amount of $1,862.88; and prays judgment
against the defendants for damages in that sum, together with
her costs and disbursements.

The record does not show the answer, if any was filed in this
case, but does show that a trial was had before a jury, and
verdict returned in favor of the plaintiff for the sum of $1,-
862.88, and that a judgment was entered in accordance with
said verdict for that amount, together with costs and disburse-
ments.   Execution was issued upon this judgment, and sale
was effected.   When the confirmation proceedings were had,
the judgment debtors, appellants here, objected to the con-
firmation upon the two grounds, (1) that the notice required
by statute for the sale of the land sold by the sheriff had not
been properly given, and (2) that certain of the lots were
subject to homestead exemption.   These objections were over-
ruled by the court, and the sale was confirmed as to all of
the land.

We think the first contention of the appellants cannot be
sustained, as the return of the officer shows that the law in
regard to the notice in such cases made and provided was sub-
stantially complied with.   The second contention, however,
viz., that the court erred in holding that lots 21 to 26 inclu-
sive, in block 87, of the plat of Edmonds, was not subject to
homestead exemption, must be sustained.   The court found,
that prior to the sale of said lots they had been legally se-
lected by the appellants; that the legal and proper declara-
tion had been made; that upon their application appraisers

had been duly appointed and qualified; that they had duly and legally appraised and set aside said lots to the judgment debtors as and for the homestead of said judgment debtors; that the judgment debtors had resided upon and occupied said lots as their homestead continuously for more than five years next preceding the rendition of the judgment against them; that they were still residing upon said lots as a homestead; and, in short, found that said lots comprised the homestead of the judgment debtors; but that, notwithstanding this, the same was not exempt from the lien of the execution, for the reason that it further appeared to the court that the judgment herein, upon which said execution was issued and upon which said sale was had, was founded upon a liability incurred by the defendants and judgment debtors as agents of the plaintiff on account of moneys coming into their hands from and belonging to said plaintiff and judgment creditor; and that, by reason of that fact, none of the facts before found by the court as to the homestead right of the appellants, constituted any legal objection to the confirmation of the sale of the property. The conclusion of the court was evidently based upon a construction of chapter 158 of the Laws of 1901, page 323, which is as follows:

"Section 1. That section 5284a of Ballinger's Annotated Codes and Statutes of Washington, relating to exemptions, be and the same is hereby amended to read as follows: Sec. 5248a. No property shall be exempt from execution for clerk's, laborer's, or mechanic's wages, earned within this state, nor shall any property be exempt from execution issued upon a judgment against an attorney or agent on account of any liability incurred by such attorney or agent to his client or principal on account of any moneys, or other property coming into his hands, from or belonging to his client or his principal."

It does not seem to us that the allegations of the complaint bring it within the meaning of the statute. There is no attempt to recover moneys received by the defendant in a trust or fiduciary capacity. There is no claim that the money was

received for the benefit of the plaintiff. In fact, the claim is exactly the reverse of this. The allegations are all of fraudulent representations and conspiracy to defraud. It must, therefore, be construed to be a simple action for damages for fraudulent representations.

But, in addition to this and waiving any question of the constitutionality of the amendatory act, it is apparent that the amendment does not in any way affect the law providing for the exemption of homesteads. An examination of the section amended shows that it has no reference to the subject of homestead exemptions, but is applicable only to exemptions of personal property. The legislative announcement is that section 5248a be amended, and while the comprehensive words "no property" are used in the act, such words must be construed as referring only to the character of property described in the section amended. In this country exemptions are favored by the law, especially homestead exemptions; and it would be doing violence to the spirit of the law and to all well-recognized canons of construction to hold that the repeal of the provisions of a specified section repealed by implication other sections of the same chapter, the subject-matter of which was not embraced in the section amended.

The judgment will be reversed, and the cause remanded with instructions to allow the appellants a homestead upon the lots above referred to.

HADLEY, C. J., ROOT, MOUNT, RUDKIN, and CROW, JJ., concur.

FULLERTON, J., concurs in the result.