### In re YUNGBLUTH.

(Circuit Court of Appeals, Ninth Circuit. February 1, 1915.)

#### No. 2418.

BANKRUPTCY ⊂⊃395—PROPERTY PASSING TO TRUSTEE—POWER OVER EXEMPT PROPERTY.

    A court of bankruptcy is without jurisdiction to order the sale for any purpose of property which it has set apart to a bankrupt as his homestead exemption.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 658; Dec. Dig. ⊂⊃395.]

Petition for Revision of the Judgment of the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

In the matter of Jacob Yungbluth, bankrupt. On petition to revise an order setting apart property as a homestead, subject to certain conditions. Reversed.

E. C. Million, of Seattle, Wash., Paul W. Houser, of Renton, Wash., George Friend, of Seattle, Wash., and I. E. Shrauger, of Mt. Vernon, Wash., for petitioner.

L. H. Hadley, A. M. Hadley, W. H. Abbott, and J. W. Romaine, all of Bellingham, Wash., for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. The judgment of the court below confirmed the order of the referee in bankruptcy, which sustained the claim of the bankrupt to lots 13, 14, 15, and 16, block 15, of Hamilton Townsite Company's Second addition to the town of Hamilton, Skagit county, Wash., as a homestead, and as exempt under the laws of the state of Washington, and set aside that property to the bankrupt as so exempted, but, based upon his finding of fact to the effect that the lots of land covered by the homestead were to the extent of $500 paid for by money borrowed from the copartnership mentioned, and evidenced by his promissory note, which the referee found was a fraud upon the creditors of the copartnership, undertook, by his order sustaining the exemption, to impose upon the homestead property the amount due upon the promissory note referred to, including interest thereon, which amount should be an—

"offset against said homestead, and if not paid then an order should be made authorizing and directing the trustee to sell said homestead property and out of the proceeds from such sale pay said note and interest and pay to the bankrupt the remaining proceeds of such sale."

The order of the referee having been, as above said, confirmed by the court, such is the effect of the judgment complained of. No complaint being made on the part of the estate of the bankrupt, or of any of its creditors, of the judgment of the court below, the question whether the exemption claimed should have been denied on the ground of the fraud found is not open for consideration. The sole question presented here is as to the validity of the charge imposed upon the homestead by the referee and confirmed by the court, with direction to the trustee to sell the homestead in the event the $500, with interest, was not paid, and out of the proceeds thereof pay the note and interest, and pay to the bankrupt the remaining proceeds of such sale. To do so the bankruptcy court would necessarily be administering the homestead property, which the Supreme Court in the case of Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061, distinctly adjudged could not be done. In that case the court, after pointing out that under the Bankruptcy Act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517) exempt property constituted no part of the assets in bankruptcy, held that the same thing is equally true of the present Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544 [Comp. St. 1913, 9585–9656]), saying (190 U. S. at pages 299, 300, 23 Sup. Ct. at page 753 [47 L. Ed. 1061]):

"The fact that the act of 1898 confers upon the court of bankruptcy authority to control exempt property in order to set it aside, and thus exclude it from the assets of the bankrupt estate to be administered, affords no just ground for holding that the court of bankruptcy must administer and dis-

tribute, as included in the assets of the estate, the very property which the act in unambiguous language declares shall not pass from the bankrupt or become part of the bankruptcy assets. The two provisions of the statute must be construed together and both be given effect. Moreover, the want of power in the court of bankruptcy to administer exempt property is besides shown by the context of the act, since throughout its text exempt property is contrasted with property not exempt; the latter alone constituting assets of the bankrupt estate subject to administration. The act of 1898, instead of manifesting the purpose of Congress to adopt a different rule from that which was applied, as we have seen with reference to the act of 1867, on the contrary exhibits the intention to perpetuate the rule, since the provision of the statute to which we have referred in reason is consonant only with that hypothesis. Though it be conceded that some inconvenience may arise from the construction which the text of the statute requires, the fact of such inconvenience would not justify us in disregarding both its letter and spirit. Besides, if mere arguments of inconvenience were to have weight, the fact cannot be overlooked that the contrary construction would produce a greater inconvenience. The difference, however, between the two is this: That in the latter case—that is, causing the exempt property to form a part of the bankruptcy assets—the inconvenience would be irremediable, since it would compel the administration of the exempt property as part of the estate in bankruptcy, whilst in the other the rights of creditors having no lien, as in the case at bar, but having a remedy under the state law against the exempt property, may be protected by the court of bankruptcy, since, certainly, there would exist in favor of a creditor holding a waiver note, like that possessed by the petitioning creditor in the case at bar, an equity entitling him to a reasonable postponement of the discharge of the bankrupt, in order to allow the institution in the state court of such proceedings as might be necessary to make effective the rights possessed by the creditor."

Cause remanded, with directions to modify the judgment in accordance with the views above expressed; the petitioner to have costs on this proceeding.