### In re VONHEE et al.

(District Court, W. D. Washington, N. D. December 18, 1916.)

### No. 5699.

1. EXEMPTIONS ☞63—EXCEPTION OF DEBTS FOR WAGES—CONSTITUTIONALITY OF STATUTE.

Rem. Code Wash. 1915, § 564, which provides that no property shall be exempt from execution for clerks', laborers', or mechanics' wages, is not in violation of Const. Wash. art. 19, § 1, which provides that "the Legislature shall protect by law from forced sale a certain portion of the homestead and other property of all heads of families."

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 89; Dec. Dig. ☞63.]

2. HOMESTEAD ☞98—EXCEPTIONS OF DEBTS FOR WAGES—CONSTRUCTION OF STATUTE.

Although the comprehensive words "no property" are used in the statute, it does not affect homestead exemptions; the provision having been enacted expressly as an amendment to a section relating to personal property only.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 155; Dec. Dig. ☞98.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. BANKRUPTCY ☞395(2)—EXEMPT PROPERTY—AUTHORITY OF BANKRUPTCY COURT.

While title to exempt property of a bankrupt does not pass to his trustee for the purpose of being administered as a part of his estate, all his property passes to the trustee for the purpose of having that claimed as exempt identified, appraised, and set apart, and the bankruptcy court has power to determine what property is exempt under the state law as against general creditors, after which its authority over it ceases.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 658; Dec. Dig. ☞395(2).]

4. BANKRUPTCY ☞396(1)—EXEMPTIONS—WAGES DUE BANKRUPT.

Rem. Code Wash. 1915, § 703, exempting from garnishment current wages of the head of a family to the amount of $100, is part of the exemption law of the state, and a bankrupt is entitled to its benefit.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 660, 662–665, 667; Dec. Dig. ☞396(1).]

In Bankruptcy. In the matter of Alfonse Vonhee and Robert Hayes, copartners as Vonhee & Hayes, and Alfonse Vonhee and Louise Vonhee, husband and wife, bankrupts. On petition to review order of referee. Approved in part, and disapproved in part.

Coleman & Fogarty, of Everett, Wash., for bankrupts.
Frank D. Lewis, of Everett, Wash., for trustee.
Sherwood & Mansfield, of Everett, Wash., for excepting creditor.

NETERER, District Judge. The trustee set over to Alfonse Vonhee as exempt from the community property of himself and wife, wearing apparel, household goods, and utensils, one cow, fifteen chickens, two guns, two watches, and the homestead, and disallowed $88 current wages due the bankrupt. Exceptions were filed by the bankrupt and a creditor who had performed labor for the copartnership of Vonhee & Hayes, bankrupt, which had been reduced to judgment, and upon hearing the referee confirmed the report of the trustee as to the homestead, but reversed his order as to the wages due and personal property. Petitions for review are now presented by the bankrupt, alleging that no exception was taken by the creditor to the setting aside of the watches; that the creditor's claim is primarily against the copartnership; that the marital community is entitled to have said personal property set aside as exempt under section 563, Rem. & Bal. Code of Washington; that section 564, under which the creditor claims to subject the property to his claim, is repugnant to the Constitution of Washington, and that prior to the entry of the order the cow and the chickens had been used as food for the family of the bankrupt. Petitions for review are also presented by the trustee and the excepting creditor. The trustee contends that the wages are not exempt, as section 703, under which they are claimed, is not an exemption statute, but a part of the garnishment law. The excepting creditor contends that section 564 is constitutional, and that under its provisions all of the property can be subjected to his labor claim.

[1] The bankrupt has cited no authority in support of his conten-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tion that section 564, supra, is unconstitutional. Article 19, section 1, of the Constitution of Washington provides:

"The Legislature shall protect by law from forced sale a certain portion of the homestead and other property of all heads of families."

The bankrupt's contention that under this section it is mandatory upon the Legislature to set aside property as exempt and that it has no authority to subject property exempt as to general creditors to the payment of claims for wages, cannot be sustained. The amount and kind of property to be exempt from execution is purely a question of legislative policy. While the Supreme Court of Washington has not had this statute before it, the Supreme Court of the United States, in passing upon a Washington statute exempting the proceeds or avails of life insurance policies, which was attacked in Holden v. Stratton, 198 U. S. 202, at page 208, 25 Sup. Ct. 656, at page 657 (49 L. Ed. 1018), said:

"The fallacy which the proposition embodies consists in presupposing that because the Constitution of the state of Washington provides that the Legislature 'shall protect by law from forced sale a certain portion of the homestead and other property of all heads of families,' thereby a limitation was imposed upon the general power of the Legislature to determine the amount and character of property which should be exempt. * * * To the contrary, in California, where a constitutional provision obtains identical with the one we are considering, * * * it has been decided that the character and amount of property which shall be exempt from execution is 'purely a question of legislative policy.' Spence v. Smith, 121 Cal. 536 [53 Pac. 653, 933, 66 Am. St. Rep. 62]."

[2] Nor can the contention of the excepting creditor that the words "no property," in section 564, include real as well as personal property, be sustained. That question has been settled by the state Supreme Court in Ervay v. Hill, 46 Wash. 457, at page 461, 90 Pac. 590, at page 592, in which the court said:

"But, in addition to this and waiving any question of the constitutionality of the amendatory act, it is apparent that the amendment does not in any way affect the law providing for the exemption of homesteads. An examination of the section amended shows that it has no reference to the subject of homestead exemptions, but is applicable only to exemptions of personal property. The legislative announcement is that section 5248a be amended, and while the comprehensive words 'no property' are used in the act, such words must be construed as referring only to the character of property described in the section amended. In this country exemptions are favored by the law, especially homestead exemptions; and it would be doing violence to the spirit of the law and to all well-recognized canons of construction to hold that the repeal of the provisions of a specified section repealed by implication other sections of the same chapter, the subject-matter of which was not embraced in the section amended."

Ballinger's Ann. Codes & St. § 5248a, is section 564, Rem. & Bal. Code.

Homestead exemptions are in no wise affected by the limitation imposed by section 564.

[3] The contention of the bankrupts that the bankruptcy court takes no title to the exempt property and receives it merely for the purpose of setting aside the exemptions, and that it is not within the power of the bankruptcy court to determine the validity, extent, or

priority of liens upon exempt property has been disposed of by the adjudication of the federal and Supreme Court.

In Re Grimes, 96 Fed. 529, the court at page 534, said:

"The title to exempt property does not pass to the trustee; it is vested in the bankrupt. Bankr. Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 (Comp. St. 1913, § 9654). He may sell it or mortgage it. But, while this is true, property of the second class cannot be considered exempt property until it is selected and set apart. * * * It must necessarily pass to the trustee, who has temporary dominion over it until the exemptions are made. His title may be termed a defeasible title. When the exemptions are formally set apart by the trustee, and affirmed by the court, the title of the bankrupts then becomes superior to that of the trustee and absolute. After the exempt property has been designated and set apart to the bankrupts by the trustee, it has been administered, and has passed out of the possession and control of the bankruptcy court. The trustee has no further concern with it, nor has the court any jurisdiction to defend such property from adverse claims or liens that may or may not be distinguished by the bankruptcy proceedings. It will not entertain a proceeding to enforce a lien upon such property. * * * Such a lien may be enforceable in a state court without regard to any pending proceeding in bankruptcy."

In Re Hatch, 102 Fed. 280, the court, after bankrupt's exemptions had been set apart and delivered to him, refused, on the petition of a creditor holding a chattel mortgage on the property, to order the bankrupt to restore the property to the trustee to be sold for the benefit of the mortgagee.

In Re Durham, 104 Fed. 231, at page 233, the court said:

"* * * Where the property is claimed as exempt, no title passes to the trustee, and he is only entitled to the possession thereof for the purpose of ascertaining, by proper appraisement, whether the value of the property does not exceed that allowed as exempt under the laws of the state. As soon as that is ascertained, it is the duty of the trustee to deliver it to the bankrupt."

In Woodruff v. Cheeves, 105 Fed. 601, at page 606, 44 C. C. A. 631, at page 636, in disposing of a petition asking that the court withhold the bankrupt's discharge after his exemptions had been set apart, and take possession of the exempt property and subject it to sale in satisfaction of bankrupt's notes which the petitioners held, and in which the right of exemption had been waived, the court said:

"It seems clear to us that this language of the statute leaves no room for argument to show that the exempt property constitutes no part of the estate in bankruptcy subject to administration by the trustee or by the court of bankruptcy."

In Re Little, 110 Fed. 621, the court in denying the petition filed by a mortgagee after the property had been set apart as exempt, to have the validity of its mortgage determined by the bankruptcy court, at page 226, said:

"By the action of the trustee, confirmed by the referee, the exemptions claimed by the bankrupt were allowed, and the particular property was set apart to him, and passed into his possession and control. When thus separated from the general estate, the exempt property ceased to be in the possession of the trustee or of the court, and under the provisions of section 70 the trustee took no title thereto. Under these circumstances the referee rightly ruled that the court of bankruptcy would not entertain jurisdiction over the exempt property at the request of the claimant bank."

In Re Jackson, 116 Fed. 46, the court said:

"The bankrupt act has expressly excluded from the control of the District Courts such property as the bankrupt may claim by virtue of the exemption laws of the respective states. We have nothing further to do with it than to see that the trustee sets it aside, and to dispose of such questions as may arise incident to that process. After the property exempted has been separated and delivered, its subsequent fate does not concern us. If some one of the bankrupt's creditors has already obtained, or should afterwards obtain, a lien upon it, it is not for this court to interfere with his right. * * * Whether he is to be allowed to appropriate the property at all, or exclusively, or in common with other execution creditors, are questions for the courts of the state."

In Re Culwell, 165 Fed. 828, Judge Hunt, at page 829, said:

"The authority to control property in order to set it aside, if exempt, and to exclude it from the assets of the bankrupt estate, which are to be administered upon, does not in any way extend authority to the trustee to administer upon exempt property as though it were an asset of the estate."

That exempt property constitutes no part of the assets of a bankrupt estate is conclusively established by Lockwood v. Exchange Bank, 190 U. S. 294, at page 299, 23 Sup. Ct. 751, at page 753 (47 L. Ed. 1061) in which the court said:

"We think that the terms of the Bankruptcy Act of 1898, above set out, as clearly evidence the intention of Congress that the title to the property of a bankrupt generally exempted by state laws should remain in the bankrupt and not pass to his representative in bankruptcy. * * * The fact that the act of 1898 confers upon the court of bankruptcy authority to control exempt property in order to set it aside, and thus exclude it from the assets of the bankrupt estate to be administered, affords no just ground for holding that the court of bankruptcy must administer and distribute, as included in the assets of the estate, the very property which the act in unambiguous language declares shall not pass from the bankrupt or become part of the bankruptcy assets. In other words, it is made as clear as anything can be, that such exempted property constitutes no part of the assets in bankruptcy. The agreement of the bankrupt in any particular case to waive the right to the exemption makes no difference. He may owe other debts in regard to which no such agreement has been made. But whether so or not it is not for the bankrupt court to inquire. The exemption is created by the state law, and the assignee acquires no title to the exempt property. If the creditor has a claim against it, he must prosecute that claim in a court which has jurisdiction over the property, which the bankruptcy court has not."

The parties sought to have the bankruptcy court enforce against the bankrupt's property which had been set aside as exempt, the claims of creditors not having a judgment or other lien, whose obligations to pay contained a written waiver of the homestead exemption. The court said that in such cases "there would exist in favor of such creditor an equity entitling him to a reasonable postponement of the discharge of the bankrupt, in order to allow the institution in the state court of such proceedings as might be necessary to make effective the rights possessed by the creditor." Lockwood v. Exchange Bank, supra.

In C., B. & Q. Rd. v. Hall, 229 U. S. 511, at page 515, 33 Sup. Ct. 885, at page 886 (57 L. Ed. 1306) the Supreme Court said:

"The title to exempt property does not vest in the trustee and cannot be administered by him for the benefit of the creditors. But it can 'pass to the trustee as a part of the estate of the bankrupt' for the purposes named else-

where in the statute, included in which is the duty to segregate, identify, and appraise what is claimed to be exempt. He must make a report 'of the articles set off to the bankrupt, with the estimated value of each article' and creditors have 20 days in which to except to the trustee's report. Section 47(11) and General Orders in Bankruptcy 17 [89 Fed. viii, 32 C. C. A. viii]. In other words, the property is not automatically exempted but must 'pass to the trustee as a part of the estate'—not to be administered for the benefit of creditors, but to enable him to perform the duties incident to setting apart to the bankrupt what, after a hearing, may be found to be exempt."

In Re Wishnefsky, 181 Fed. 896, the court would not direct the trustee to retake possession of exempt property for the benefit of a creditor with a lien for the unpaid purchase price of such property, and to the same effect is the holding of the court in Re Seydel, 118 Fed. 207, at page 208, in which the court said:

"As property which is set apart and delivered to the bankrupt as exempt, of which, being exempt, is never taken possession of by the trustee, is not within the actual possession and control of the court, and as the title thereto does not vest in the trustee (section 70, Bankr. Act), it is difficult to see upon what ground it can be claimed that the trustee can assert any title in, or right to the possession of, the property in question. * * * A creditor who claims that he has a lien upon specific property, or a right to subject the same to the payment of his particular claim, from which liability it is not freed by the exemption laws of the state, cannot rightfully demand that the trustee should undertake to get possession of the property, and to sell it for the benefit of the one creditor only."

To the same effect is In re Soper, 173 Fed. 116.

In Re Maxson, 170 Fed. 356, the court set aside a homestead, though liable for debts contracted prior to its acquisition, and relegated the parties to the state court to determine whether the specific debts were liens upon the property. To the same effect is In re Ingram, 125 Fed. 913, 60 C. C. A. 618.

The court, in Re Brumbaugh, 128 Fed. 971, held the only question to be determined by the bankruptcy court is whether the property is exempt under the laws of the state as against general creditors, and the court would not determine any special claim or lien of an individual creditor. At page 972 the court said:

"If, therefore, the cause of action on which judgment was rendered against the bankrupt was in its nature tortious, the exemption could not be successfully claimed or retained by him if execution were issued upon it. But that does not determine the question whether it is now to be allowed to him. This was considered and conclusively disposed of in the case of Lockwood v. Exchange Bank, 190 U. S. 294 [23 Sup. Ct. 751, 47 L. Ed. 1061], * * * where it was held that property set apart to a bankrupt under his claim to exemption forms no part of his estate in bankruptcy, and that as a result the court has no jurisdiction to administer it or enforce against it the rights of creditors having special claims upon it, by waiver or otherwise, under the state law. It affords no ground, therefore, for opposing the bankrupt's exemption in the present instance that he would not be able to maintain a claim for it against the judgment of Miss Keim. If that be legally true of it, she has simply to issue execution and seize the property set apart to him, and the state courts will then determine her rights. But they must be worked out there, and not here; the only question which now concerns us being whether the bankrupt, as against general creditors, is entitled to his exemption, as to which there can be no doubt."

In Re Yungbluth, 220 Fed. 110, 136 C. C. A. 202, the Circuit Court of Appeals of this Circuit held that a court of bankruptcy is without jurisdiction to order the sale for any purpose of property which it has set apart to a bankrupt as his homestead exemption.

The only question for the court to determine is whether, as against general creditors, the bankrupt's property is exempt. If it is exempt as against general creditors, the control exercised by the bankruptcy court is limited. Whether the property is subject to equities, liens or judgments of individual or special creditors is not the concern of the bankruptcy court, and where special claims are made which take away the right of exemption as to them, the state court is the proper forum in which to proceed for the enforcement of such claims. It follows, therefore, that the referee erred in his conclusions with relation to the claim of Mr. Card for laborer's wages due from the copartnership Vonhee & Hayes, so far as bankrupt's personal property is concerned. I think the facts in this case can be distinguished from the facts in Re Phillips (D. C.) 209 Fed. 490, and whether they can or not, the cases cited are controlling.

[4] The referee's conclusion is right with relation to the current wages, $88, due the bankrupt. The contention of the trustee that section 703, Remington & Ballinger's Code of Washington, in pursuance of which this was set aside is no part of the exemption law, is not approved by the Supreme Court of Washington, in Creditors' Collection Ass'n v. Bisbee, 80 Wash. 358, 141 Pac. 886, and the same conclusion was arrived at by Judge Hanford in Re Holden et al., 127 Fed. 980, some time prior to the decision of the Washington court.

An order may be presented setting over to the bankrupt, the homestead, the personal property set apart by the trustee, and the $88, current wages. If any creditor has a specific claim upon any of this property, it must be enforced in the state court.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes