### In re ANOSTOS.

(District Court, W. D. Pennsylvania. October, 1922.)

#### No. 10411.

Bankruptcy ⊚⟹399(2)—Execution creditor, holding waiver of exemption, cannot claim benefit of right of exemption waived by bankrupt.

Where bankrupt filed a waiver of his right to any exemption, an execution creditor, who secured judgment on a note in which there was a waiver of exemption, and levied, prior to the filing of an involuntary petition in bankruptcy, on personalty sold by receiver after an adjudication of bankruptcy, has no right to claim the amount which bankrupt could have claimed as exempt.

In Bankruptcy. In the matter of Nich Anostos, bankrupt. On petition to review an order of the referee refusing to order payment of bankrupt's exemption to execution creditor. Petition dismissed.

The opinion of Reinhart, Referee, follows:

On April 20, 1922, there was filed the petition of James Mileadis, which had been, on April 19, 1922, presented in and to the above-entitled court, and had been by said court referred to the undersigned referee in bankruptcy. The facts in question are set forth in the said petition and are as follows:

On November 24, 1921, Nick Anostos, hereinafter called bankrupt, executed and delivered to James Mileadis, hereinafter called claimant, his D. S. B. note for $475, in which said note were these words: "Also hereby waiving

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the benefit of the exemption law or any act of assembly relative to executions now in force or hereafter to be passed." On March 27, 1922, this note was filed in the court of common pleas of Greene county, Pa., and judgment was entered thereon to No. 35, June term, 1922, appearance docket, and execution was at once issued to No. 9, June term, 1922, execution docket, and the sheriff of said county levied upon and advertised for sale the merchandise and fixtures in the store of bankrupt in the village of West Waynesburg, said county. On March 31, 1922, a petition for involuntary bankruptcy was filed in the above-entitled court against bankrupt, and the same day an order was secured restraining claimant and all other persons from proceeding further with said execution. On April 3, 1922, Edward R. Patterson was appointed temporary receiver, and as such took charge of said merchandise and fixtures, and on April 13, 1922, sold the same for the sum of $600 cash. On April 14, 1922, a waiver by the bankrupt of his exemption was filed. The adjudication was made on April 20, 1922, and the schedules were filed on June 3, 1922, in which he made no claim whatever for an exemption.

In his said petition claimant alleges that, by virtue of the execution and levy, he acquired a lien on said merchandise and fixtures, and that it has been transferred from said property to the funds now in the hands of the trustee, and that he is entitled to receive and to be paid out of said funds the sum of $300 in cash, representing the amount of the exemption to which insolvent debtors are entitled. The petition was considered at the first creditors' meeting, when the creditors objected thereto and directed that the trustee should file exceptions to the allowance of the said $300. On August 8, 1922, the trustee, Edward R. Patterson, Esq., of Waynesburg, Pa., filed exceptions, alleging that the waiver by bankrupt of his exemption inured to the general creditors of the bankrupt, and not to claimant, even though he held a note wherein exemption was waived. A hearing on the matter was fixed for August 15, 1922, when it came on to be heard and was submitted without testimony; claimant being represented by Patrick H. Meighen, Esq. The trustee and Mr. Meighen were directed to file briefs by Monday, August 21, 1922.

It is a fact that the bankrupt has not yet been discharged. The exemption allowed to a bankrupt in Pennsylvania must be claimed under the provisions of the Act of April 9, 1849 (P. L. 533; Pa. St. 1920, § 10379), which provides that "property to the value of $300" shall comprise the exemption. In re Black (D. C. Pa.) 104 Fed. 289, 4 Am. Bankr. R. 776. The articles claimed as exempt need not be enumerated (Burk v. Guarantee Title & Trust Co. [C. C. A. 3d Cir.] 134 Fed. 562, 67 C. C. A. 486, 14 Am. Bankr. R. 33), but they must be claimed out of such property as the bankrupt had at the time the claim was made. (In re Donahey [D. C. Pa.] 176 Fed. 458, 23 Am. Bankr. R. 796). While it is true that the bankrupt must claim his exemption out of articles then in his possession, and cannot claim it in cash out of the proceeds of the sale of these articles, yet a bankrupt may claim his exemption in cash if a receiver has converted the articles into cash before the bankrupt has had a chance to claim the articles. In re Renda (D. C. Pa.) 149 Fed. 614, 17 Am. Bankr. R. 521. Money allowed a bankrupt "in lieu of his exemption" may be attached in the hands of the trustee in bankruptcy on a judgment entered against a bankrupt on a note wherein the bankrupt waived the benefits of the exemption law. Zumpfe v. Schultz, 35 Pa. Super. Ct. 106, 20 Am. Bankr. R. 916.

In this case the petition for adjudication was accompanied by a petition for the appointment of a receiver. The receiver was at once appointed, and he sold for cash all of the merchandise which had been levied on by the sheriff under the execution. After the sale, but before the schedules were filed, claimant, who had been restrained from proceeding with his execution, presented his petition to the District Court, setting forth the facts and praying for an order directing this receiver to pay him $300 in cash. Claimant appeared at the first meeting of creditors and again presented his petition and asked for the $300. As a result, claimant has done all that he could have been called upon to do, and should not be denied what he asks because of any laches or neglect of duty on his part. On the other hand, bankrupt has not only failed to do that which the law required him to do

to have his exemption set apart, but he has expressly waived all right to this exemption.

In Re Black, supra, Judge Buffington, then on the District Court bench, said: "The fact that one of the creditors of the bankrupt's estate holds notes in which the debtor has, by contract, waived the benefit of such exemption law, does not affect the latter's right to the statutory exemption from the bankrupt estate. This contract right of exemption waiver, personal to the creditor, has never been enforced by him, and the fact that such an unexercised right existed in favor of a certain creditor cannot serve to vest this court, sitting as a court of bankruptcy, with jurisdiction and control over exempt property which Congress has expressly excepted from its jurisdiction." Here, however, claimant had exercised his contract right of exemption waiver.

Section 67f of the Bankruptcy Act (Comp. St. § 9651) providing that levies, liens, etc., obtained through legal proceedings within four months prior to the filing of a petition in bankruptcy, shall be deemed null and void, is limited to the bankrupt estate, and does not apply to exempt property which cannot be administered as a part of such estate. Matter of Snyder (D. C. Pa.) 33 Am. Bankr. R. 311, 216 Fed. 989. The provisions of section 67f do not defeat rights in exempt property acquired by contract of waiver of the exemption. These may be enforced by judgments obtained even after adjudication. C., B. & Q. R. R. Co. v. Hall, 229 U. S. 511, 33 Sup. Ct. 885, 57 L. Ed. 1306, 30 Am. Bankr. R. 619. A judgment creditor of a bankrupt who holds a waiver by him of the benefits of the state exemption laws may have the sheriff levy upon and sell the exempt goods of the bankrupt at any time before his final discharge. The title to the exempt property never passes to the trustee in bankruptcy. First Nat. Bank v. Bartlett, 35 Pa. Super. Ct. 593, 21 Am. Bankr. R. 88; Levenight v. Maderia et al., 67 Pitts Leg J. 743; Wilson v. Fonner, 44 Pa. Co. Ct. R. 174.

It is therefore clear that a bankrupt can take and hold his exemption as against all of his creditors, even though one or more of them may hold waivers of exemption, and that the exemption that is set apart to a bankrupt can be taken from him by an execution creditor, holding a waiver of exemption, provided such a creditor proceed before the bankrupt obtains his discharge. Such a creditor may have had a levy under an execution before the adjudication and may follow it with a later levy and sale of the articles set out to the bankrupt as exempt, or he may have his levy and sale on such articles for the first time after the adjudication. But, so far, it is clear that the exemption must have actually been chosen and set apart to the bankrupt. The question here is of the right of an execution creditor, holding a waiver of exemption, with a levy before adjudication on personal property (all the property of any kind there was) which was, after adjudication, sold by the receiver in bankruptcy for cash, to have $300 of this cash, even though the bankrupt failed to claim any exemption whatever in his schedules and actually disclaimed his right to any exemption.

The right to an exemption is personal to the bankrupt and cannot be claimed for him by a creditor, and the bankrupt must affirmatively claim it. In re Baughman (D. C. Pa.) 25 Am. Bankr. R. 167, 183 Fed. 668. He should make the claim in his schedules (section 7a [8], being Comp. St. § 9591, of the act), and the trustee must set it apart to the bankrupt (section 47a [11] of the act, being Comp. St. § 9631). Under certain circumstances, and as punishment for misdeeds, the bankrupt can be deprived of his exemption, even after he has properly claimed it and it has been set apart to him by the trustee. Where the exemption has been set apart to the bankrupt in specific articles of personal property and has become his property, the court of bankruptcy has no jurisdiction to determine the existence or validity of a lien claimed by a creditor upon it; but this is not the rule where the specific articles have been converted into cash before the bankrupt has asserted a right to his exemption. In such case the court of bankruptcy has jurisdiction to determine his right as against other claimants to cash out of the funds in the hands of the trustee. In re Highfield (D. C. Pa.) 163 Fed. 924, 21 Am. Bankr. R. 92. Here the bankrupt has made no claim and the controversy is between claimant and the trustee, and claimant has invoked the aid of the court of bankruptcy.

Claimant has cited the case of Matter of Goldberg (D. C. Pa.) 254 Fed. 440, 42 Am. Bankr. R. 299 as supporting his contention. The syllabus of this case reads as follows: "Where a judgment creditor issues execution out of the state court and levies on personal property of the defendant, who, pending the sale under such execution, has a petition in bankruptcy filed against him, and who subsequently fails or refuses to file any claim for exempt property, the levying judgment creditor is not deprived of the lien of his execution." The report of this case does not give enough of the facts to show whether or not the bankrupt made claim in his schedules for his exemption. In the lower court case of Tate & Co. v. Eddy, 34 Pa. Co. Ct. R. 129, the bankruptcy was voluntary and the bankrupt claimed his exemption in his schedules. Afterwards he executed before the referee in bankruptcy a paper releasing and surrendering all right and claim of exemption. In that case Judge Lindsey, of Warren county, awarded the fund arising from the sale of the exempted property to the creditor whose execution was had prior to the adjudication, with a levy on the personal property which was so later sold.

The trustee has cited the case of Matter of Gunzberger (D. C. Pa.) 268 Fed. 673, 45 Am. Bankr. R. 690, and part of the syllabus reads as follows: "Where a bankrupt fails to make claim for his exemption in the manner and within the time provided by the Bankruptcy Act and General Orders in Bankruptcy, the right of exemption is waived; accordingly, where a bankrupt is entitled to retain certain personal property of a stated value as exempt, his act in filing a list of articles of a less value than that stated by statute constitutes a waiver in favor of his general creditors of all claims to exemption upon any other property than that specified." Where the bankrupt claims less than the $300, an execution creditor is not entitled to claim, from the assets of the estate, the difference between the value of the property claimed by the bankrupt and the $300. The report of this case contains the opinion of Referee Crandall, wherein he reviews the matter of exemption in Pennsylvania, and his opinion was adopted by Judge Witmer, of the Middle District of Pennsylvania.

The opinion in the case of In re Baughman, supra, was written by former District Judge Archbald, of the Middle District of Pennsylvania. There bankrupt's claim for exemption, as made in his schedules, was invalid, and, instead of amending the claim, he had his schedules amended, so as to withdraw the claim; and the court held that an execution creditor of the bankrupt, holding a waiver of exemption, had no right to proceed against the goods of the bankrupt within the amount of exemption allowed by the state law. Part of the opinion is as follows: "The execution creditor could not prevent this. He had no right by virtue of his waiver to proceed against the goods of the bankrupt which he had seized, even though they amounted to less than the law allowed, but only against the specific property, within that amount, which the bankrupt selected and had set off to him; and, this designation never having been made, and all that was done by the bankrupt in that direction having been recalled, the execution creditor was left without anything on which his writ could take effect. Nor was the bankrupt, because of his waiver, prohibited from doing as he did. He was not required to make claim to his exemption for the benefit of this particular creditor, and, if he had said nothing about it in his schedules, there would have been no remedy. Nor was he bound to proceed with the claim after making it; the result doing him no good, although designed by the law for his benefit. It may be that, by the withdrawal of the claim, he was able to defeat the waiver. But, however it may stand under the state law, there is no particular reason in bankruptcy why a waiver should be favored. The $300 exemption is allowed to the unfortunate debtor for the benefit of himself and his dependent family. And if he is authorized to waive the right to it, in favor of one creditor over others, he certainly is authorized to make no claim to it after bankruptcy, so that all may fare alike."

The claim for exemption is a personal privilege (Kyle's Appeal, 45 Pa. 353), and it may therefore be withdrawn at any time by the claimant (Appeal of the Overseers of the Poor of White Deer Township, 95 Pa. 191). In this latter case Judge Mercur said: "The act of 1849, allowing the exemption, does not force it on a debtor. He may or may not claim it at his option. It is a

personal privilege, which he may release. It is a contingent right, which is lost by an omission to claim it at the proper time." And it was said in Strouse's Executor v. Becker, 44 Pa. 206, that the exemption statute is not self-executing, being operative only on demand of the debtor.

In this case bankrupt claimed no exemption, and acted so as to bring this case in line with the above Pennsylvania decisions. Here there are not, and never were, any exempted articles of property, and there is no claim by bankrupt for the exemption in cash. The two cases above referred to (Matter of Goldberg and Tate & Co. v. Eddy) are not sufficient to warrant the referee in granting the prayer of the petition of claimant. In the federal court case there is nothing to show whether the bankrupt claimed his exemption in his schedules, while in the lower court case the bankrupt did claim his exemption in his schedules. These two cases are not sufficient to overcome the weight of authority in the two cases from the federal court (Matter of Gunzberger and In re Baughman) and the various Pennsylvania lower and appellate court cases. It is therefore the opinion of the refereee that the contention of claimant cannot be sustained.

Patrick H. Meighen, of Waynesburg, Pa., for petitioner.

Edward P. Patterson, of Waynesburg, Pa., in pro. per.

GIBSON, District Judge. On November 24, 1921, the bankrupt delivered to James Mileadis, the petitioner, a judgment note for $475, in which was a waiver of exemption. On March 27, 1922, this note was entered in the court of common pleas of Greene county, Pa., and an execution at once issued, pursuant to which the sheriff levied upon and advertised the merchandise and fixtures in the store of the bankrupt in said county. On March 31, 1922, an involuntary petition was filed in this court, and on the same day an order was secured restraining James Mileadis and all other persons from proceeding further with said execution. On April 3, 1922, a temporary receiver was appointed and took charge of said merchandise and fixtures, and on April 13, 1922, he sold the same for the sum of $600 in cash. On April 14, 1922, a waiver of exemption by the bankrupt was filed. The adjudication was made on April 20, 1922, and the schedules were filed on June 3, 1922, in which the bankrupt made no claim for exemption.

On April 19, 1922, James Mileadis filed his petition in this court, wherein he set forth the foregoing facts and prayed the court to make an order empowering and directing the receiver to forthwith pay over to him $300 of the moneys in his hands; exemption having been waived for his benefit, in said note, as aforesaid. This petition was referred to P. D. Reinhart, Esq., referee in bankruptcy for said county, for determination, and on September 1, 1922, said referee made an order whereby the petition of James Mileadis was refused. Thereupon, on September 6, 1922, the petitioner filed his petition for review in this court.

An examination of the authorities will disclose the fact that they are not uniform upon the question involved. In Matter of Goldberg (D. C. Pa.) 254 Fed. 440, 42 Am. Bankr. R. 299, it has been held in substance that, where a judgment creditor has issued execution out of the state court and has levied on personal property of the defendant, who, pending sale under such execution, has had a petition in bankruptcy filed against him, and who subsequently has failed or refused to file any claim for exempt property, the levying judgment creditor has not been

deprived of the lien of his execution, and that he is entitled, where the trustee has made sale of the property upon which levy has been made, to receive the sum of $300, the amount of debtor's exemption, from the proceeds of the sale. But while we have great respect for the opinion of the learned judge who rendered such decision, we feel that the weight of authority is against his finding and is adverse to the position of the petitioner herein. See In re Baughman (D. C. Pa.) 183 Fed. 668, 25 Am. Bankr. R. 167; Matter of Gunzberger (D. C. Pa.) 45 Am. Bankr. R. 690, 268 Fed. 693; In re Black (D. C. Pa.) 104 Fed. 28, 4 Am. Bankr. R. 776; In re Cross (D. C. Pa.) 281 Fed. 217, 48 Am. Bankr. R. 634. The authorities are more fully and at length set forth and considered in the opinion filed by the learned referee, with whose opinion the court is in agreement.

The exceptions of the petitioner to the order of the referee, disallowing the claim of James Mileadis for allowance of the sum of $300 out of the funds in the hands of the trustee, must be dismissed, and an order will be drawn, affirming the order of the learned referee.