# LOCKWOOD v. EXCHANGE BANK.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIR-
CUIT.

No. 226.   Argued April 7, 1903.—Decided June 1, 1903.

Under the bankruptcy act of 1898, the title to property of a bankrupt
which is generally exempted by the law of the State in which the bank-
rupt resides, remains in the bankrupt and does not pass to the trustee,
and the bankrupt court has no power to administer such property even
if the bankrupt has, under a law of the State, waived his exemption in
favor of certain of his creditors.

The fact that the act confers upon the bankruptcy court authority to con-
trol exempt property in order to set it aside does not mean that the
court can administer and distribute it as an asset of the estate.   The two
provisions of the statute must be construed together and both be given
effect.

The discharge of the bankrupt, however, can be withheld until a reason-
able time has elapsed to enable creditors to assert in a state court their
rights to subject exempt property in satisfaction of their claims under
waivers given as security therefor by the bankrupt.

In this proceeding, upon certain questions being certified by
the United States Circuit Court of Appeals for the Fifth Cir-
cuit for decision by this court, a writ of certiorari was allowed,
and the entire record has been brought up for consideration.

The controversy is fully set forth in the following "state-
ment of case," embodied in the certificate of the Circuit Court
of Appeals :

. " On the 23d day of November, 1900, said Joel W. Lockwood
was on his application duly adjudged a bankrupt by the District
Court of the United States for the Southern District of Georgia.
On December 6, 1900, F. T. Rape was duly appointed trustee
for said bankrupt; on the 16th day of December, 1900, the
said F. T. Rape, trustee, set aside and designated as an exemp-
tion all of the property returned by the said bankrupt in his
schedule of assets.   On the 1st day of January, 1901, the Ex-
change Bank of Fort Valley, a creditor who had duly proven
its debt as an unsecured claim, filed exceptions to the trus-

tee's assignment of homestead and exemption upon the following grounds:

" '(*a.*) That said creditor held a contract against the bankrupt in which said bankrupt specially waived and renounced all right to the homestead exemption allowed by the laws of Georgia or the United States. Said waiver is contained in a note constituting contract of indebtedness and was made in accordance with the provisions of the constitution and laws of said State authorizing and empowering the debtor to waive and renounce in writing his right to the benefit of the exemption provided for by the constitution and laws of said State.

" '(*b.*) That creditor's debt was unsecured save and except so far as a waiver of homestead and exemption may be construed as a security.

" '(*c.*) That the trustee has set apart all the property of said bankrupt returned by him in bankruptcy.

" '(*d.*) Under the laws of Georgia, the debtor's exemption cannot be subjected to the payment of a debt containing a waiver of homestead except by putting said debt in judgment, and afterwards causing execution to issue thereon to be levied on the exempt property in accordance with the provisions of section 2850, *et seq.*, of the Code of Georgia. If bankrupt court should approve trustee's assignment in this case without reserving to petitioner the right to sue his claim and put same in judgment, and without itself giving judgment for said debt, creditor would be left without means of enforcing his rights created and arising out of the aforesaid waiver and would be without remedy.

" '(*e.*) Creditor therefore prays equitable relief and such decree as will protect his rights, that the homestead be set aside and trustee be required to take charge of and administer the property of said bankrupt so set apart, except so much as cannot be waived for the benefit of creditors holding waiver contracts.'

" To these exceptions of the creditor the bankrupt duly filed a demurrer on the following grounds:

" '(*a.*) That said exceptions are wholly insufficient in law to defeat the report of the trustee.

" ' (b.) That the exceptions made are not such as under the laws of Georgia will defeat the setting apart of the exemption, and furnish no reason why the trustee should not assign the exemption.

" ' (c.) That the bankrupt court has no jurisdiction over exempted property and no authority to administer the same.

. " ' (d.) That there is no authority of law for the exceptions made, nor for the relief sought.'

" The referee, Hon. Shelby Myrick, overruled the aforesaid demurrer and directed the trustee to carve out of the said exemption of property a portion of the same, amounting to $300.00, which was to be free from the claims of all creditors. The residue of the exempted property was to be sold and the proceeds held by the trustee for the benefit of creditors holding waiver notes. The bankrupt was ordered to yield possession to the trustee for the purpose of carrying out this order. The referee, at the request of bankrupt, certified the record in said case, together with his decision thereon, to the Honorable Emory Speer, judge of the District Court of said district, for final determination. On the 30th March, 1901, said case came on regularly to be tried before said district judge, and after hearing argument of counsel, his honor Judge Emory Speer, held and decided and adjudged the aforesaid exceptions to the determinations and report of the trustee be sustained, and that the exemptions set apart by the trustee in his said report be denied and refused to the said bankrupt, save and except the item of household furniture and wearing apparel, and that the said bankrupt was not entitled to an exemption as claimed by him by reason of having waived and renounced in writing his rights thereto in accordance with the constitution and laws of the State of Georgia."

This judgment of the District Court is the one complained of, and which was sought to be revised in the Circuit Court of Appeals.

*Mr. Stephen W. Parker* for petitioner. *Mr. J. M. Terrell, Messrs. Allen Fort & Son* and *Mr. John W. Haygood* were on the brief.

*Mr. Olin J. Wimberly* for respondents. *Mr. John I. Hall* was on the brief.

Mr. Justice White, after making the foregoing statement, delivered the opinion of the court.

The general exemption of property from levy or sale, authorized by article 9, sec. 1, par. 1, of the present constitution of the State of Georgia (that of 1877), is " realty or personalty, or both, to the value in the aggregate of sixteen hundred dollars." By article 9, sec. 3, par. 1, of the same constitution a debtor is vested with power to waive or renounce in writing this right of exemption, " except as to wearing apparel, and not exceeding three hundred dollars worth of household and kitchen furniture, and provisions." The mode of enforcement of a waiver of exemption is provided for in section 2850 of the Code of 1895, reading as follows:

"In all cases when any defendant in execution has applied for, and had set apart a homestead of realty and personalty, or either; or where the same has been applied for and set apart out of his property, as provided for by the constitution and laws of this State, and the plaintiff in execution is seeking to proceed with the same, and there is no property except the homestead on which to levy, upon the ground that his debt falls within some one of the classes for which the homestead is bound under the constitution, it shall and may be lawful for such plaintiff, his agent or attorney, to make affidavit before any officer authorized to administer oaths, that, to the best of his knowledge and belief, the debt upon which such execution is founded is one from which the homestead is not exempt, and it shall be the duty of the officer in whose hands the execution and affidavit are placed to proceed at once to levy and sell, as though the property had never been set apart. The defendant in such execution may, if he desires to do so, deny the truth of the plaintiff's affidavit, by filing with the levying officer a counter affidavit."

The question presented on the record before us may be stated in similar language to that which was used by the district judge

—the correctness of whose decision in the case at bar is now for review—in the course of his opinion in *In re Woodruff*, 96 Fed. Rep. 317, as follows (p. 318):

"Has the bankruptcy court jurisdiction to protect or enforce against the bankrupt's exemption the rights of creditors not having a judgment or other lien, whose promissory notes or other like obligations to pay contain a written waiver of the homestead and exemption authorized and prescribed by the constitution of the State, or are such creditors to be remitted to the state courts for such relief as may be there obtained?"

The provisions of the bankruptcy act of 1898, which control the consideration of the question just propounded, are as follows: By clause 11 of section 2 courts of bankruptcy are vested with jurisdiction "to determine all claims of bankrupts to their exemptions." Section 6 provides as follows:

"Sec. 6. This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

By clause 8 of section 7 the bankrupt is required to schedule all his property and to make "a claim for such exemptions as he may be entitled to." By clause 11 of section 47 it is made the duty of the trustees to "set apart the bankrupt's exemptions and report the items and estimated value thereof to the court as soon as practicable after their appointment." By section 67 it is provided, among other things, that the property of the debtor fraudulently conveyed, etc., "shall, if he be adjudged a bankrupt, and the same is not exempt from execution and liability for debts by the law of his domicile, be and remain a part of the assets and estate of the bankrupt," etc. In section 70 is enumerated the property of the bankrupt which is to vest in the trustee, as of the date of the adjudication in bankruptcy, "except in so far as it is to property which is exempt."

Under the bankruptcy act of 1867 it was held that property generally exempted by the state law from the claims of credit-

ors was not part of the assets of the bankrupt and did not pass to the assignee, but that such property must be pursued by those having special claims against it, in the proper state tribunals. Thus, speaking of the act of 1867, Mr. Justice Bradley (*In re Bass,* 3 Woods, 382, 384) said:

"Not only is all property exempted by state laws, as those laws stood in 1871, expressly excepted from the operation of the conveyance to the assignee, but it is added in the section referred to, as if *ex industria,* that 'these exceptions shall operate as a limitation upon the conveyance of the property of the bankrupt to his assignee, and in no case shall the property hereby excepted pass to the assignee or the title of the bankrupt thereto be impaired or affected by any of the provisions of this title.'

"In other words, it is made as clear as anything can be, that such exempted property constitutes no part of the assets in bankruptcy. The agreement of the bankrupt in any particular case to waive the right to the exemption makes no difference. He may owe other debts in regard to which no such agreement has been made. But whether so or not, it is not for the bankrupt court to inquire. The exemption is created by the state law, and the assignee acquires no title to the exempt property. If the creditor has a claim against it he must prosecute that claim in a court which has jurisdiction over the property, which the bankrupt court has not."

We think that the terms of the bankruptcy act of 1898, above set out, as clearly evidence the intention of Congress that the title to the property of a bankrupt generally exempted by state laws should remain in the bankrupt and not pass to his representative in bankruptcy, as did the provisions of the act of 1867, considered in *In re Bass.* The fact that the act of 1898 confers upon the court of bankruptcy authority to control exempt property in order to set it aside, and thus exclude it from the assets of the bankrupt estate to be administered, affords no just ground for holding that the court of bankruptcy must administer and distribute, as included in the assets of the estate, the very property which the act in unambiguous language declares shall not pass from the bankrupt or

become part of the bankuptcy assets. The two provisions of the statute must be construed together and both be given effect. Moreover, the want of power in the court of bankruptcy to administer exempt property is besides shown by the context of the act, since throughout its text exempt property is contrasted with property not exempt, the latter alone constituting assets of the bankrupt estate subject to administration. The act of 1898, instead of manifesting the purpose of Congress to adopt a different rule from that which was applied, as we have seen with reference to the act of 1867, on the contrary exhibits the intention to perpetuate the rule, since the provision of the statute to which we have referred in reason is consonant only with that hypothesis.

Though it be conceded that some inconvenience may arise from the construction which the text of the statute requires, the fact of such inconvenience would not justify us in disregarding both its letter and spirit. Besides, if mere arguments of inconvenience were to have weight, the fact cannot be overlooked that the contrary construction would produce a greater inconvenience. The difference, however, between the two is this, that in the latter case—that is, causing the exempt property to form a part of the bankruptcy assets—the inconvenience would be irremediable, since it would compel the administration of the exempt property as part of the estate in bankruptcy, whilst in the other, the rights of creditors having no lien, as in the case at bar, but having a remedy under the state law against the exempt property, may be protected by the court of bankruptcy, since, certainly, there would exist in favor of a creditor holding a waiver note, like that possessed by the petitioning creditor in the case at bar, an equity entitling him to a reasonable postponement of the discharge of the bankrupt, in order to allow the institution in the state court of such proceedings as might be necessary to make effective the rights possessed by the creditor.

As in the case at bar, the entire property which the bankrupt owned is within the exemption of the state law, it becomes unnecessary to consider what, if any, remedy might be available in the court of bankruptcy for the benefit of general creditors,

in order to prevent the creditor holding the waiver as to exempt property from taking a dividend on his whole claim from the general assets, and thereafter availing himself of the right resulting from the waiver to proceed against exempt property.

*The judgment of the District Court is reversed, and the proceeding is remanded to that court with directions to overrule the exceptions to the trustee's assignment of homestead and exemption, and to withhold the discharge of the bankrupt, if he be otherwise entitled thereto, until a reasonable time has elapsed for the excepting creditor to assert in a state tribunal his alleged right to subject the exempt property to the satisfaction of his claim.*