## In re GOLDBERG.

(District Court, E. D. Pennsylvania.    October, 1918.)

### No. 6353.

. BANKRUPTCY ⚙═399(2)—JUDGMENT CREDITOR—WAIVER OF EXEMPTIONS.

Where, after execution is issued and levied, on the personal property of the judgment debtor, a petition in bankruptcy is filed against him, and the debtor refuses to claim exemptions, waiving the same in favor of the judgment creditor, such creditor is entitled to receive payment in full out of the proceeds of the sale of the bankrupt's assets up to the amount of the exemptions.

In Bankruptcy. In the matter of Philip Goldberg, bankrupt. The petition of Harry Berman was granted by the referee. Upon certificate of review. Order of referee affirmed.

⚙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Edwin Fischer and Alfred Aarons, both of Philadelphia, Pa., for petitioner trustee.

J. Henry Spivak, of Philadelphia, Pa., for claimant.

THOMPSON, District Judge. The opinion and order of the referee are as follows:

The question submitted to me for decision by the petition of Harry Berman and the trustee's answer thereto is as follows:

Where a judgment creditor issues execution out of the state court and levies on personal property of the defendant, who, pending the sale under the said execution, has a petition in bankruptcy filed against him, and who subsequently fails or refuses to file any claim for exempt property, is the levying judgment creditor deprived of the lien of his execution, and hence of the right to receive payment in full out of the proceeds of the sale of the assets of the bankrupt estate thus previously levied upon up to the sum of $300, the amount of the debtor's exemption, which had been waived in favor of the said judgment creditor?

A similar question was considered by Referee Hoffman in the Matter of Charles J. Vautier, bankrupt, in bankruptcy, No. 5148, and decided in favor of the waiver judgment creditor. This decision of Referee Hoffman was affirmed by the District Court, and is in my judgment conclusive of the question raised before me, and accordingly this 24th day of September, 1918, upon consideration of the petition of Harry Berman, praying for an order on the receiver, now trustee, to pay to the petitioner out of the proceeds of the receiver's sale the sum of $300 to satisfy the lien of petitioner's execution on assets which came into the bankrupt estate, and upon consideration of the answer of the receiver, now trustee, to the said petition, and in accordance with the foregoing opinion, it is ordered that the prayer of the petition be granted, and that the receiver, now trustee, be and he is hereby authorized and directed to pay the said sum to the said petitioner forthwith.

The decision of Referee Hoffman in the Vautier Case (not reported), which was affirmed by this court, was based on the rule laid down by the Supreme Court in the case of Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061. It is contended by counsel for the trustee that the latter case was overruled by the Supreme Court in the case of Chicago, Burlington & Quincy Railroad v. Hall, 229 U. S. 511, 33 Sup. Ct. 885, 57 L. Ed. 1306. That the authority of Lockwood v. Exchange Bank is not disturbed is made apparent by the following excerpt from the concluding paragraph of the opinion of Mr. Justice Lamar in the case of Chicago, Burlington & Quincy Railroad v. Hall:

"The liens rendered void by section 67f are those obtained by legal proceedings within four months. The section does not, however, defeat rights in the exempt property acquired by contract or by waiver of the exemption. These may be enforced or foreclosed by judgments obtained, even after the petition in bankruptcy was filed, under the principle declared in Lockwood v. Exchange Bank, 190 U. S. 294 [23 Sup. Ct. 751, 47 L. Ed. 1061]."

This appears to be conclusive of the present controversy, and the order of the referee is affirmed, and the petition dismissed.