### FAKES v. GIRAND.

Circuit Court of Appeals, Fifth Circuit.
December 21, 1927.

No. 5182.

Bankruptcy ⚖➔314(6)—Trustee cannot be required to pay taxes assessed against property set aside to bankrupt as exempt (Bankr. Act 1898, § 64, as amended by Act May 27, 1926 [11 USCA § 104]).

Under Bankruptcy Act 1898, § 64, as amended by Act May 27, 1926 (11 USCA § 104), trustee in bankruptcy cannot be required to pay taxes against property set aside to bankrupt as exempt, since it forms no part of bankrupt estate, and such equity as there may be in property over and above valid liens belongs to bankrupt.

Petition to Superintend and Revise from the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

In the matter of the bankruptcy of Albert Perry Fakes. Order of the referee directing W. D. Girand, trustee, to pay certain taxes was reversed by the District Court, and the bankrupt petitions to superintend and revise. Affirmed.

E. L. Harwell and R. W. Haynie, both of Abilene, Tex. (Wagstaff, Harwell & Wagstaff, of Abilene, Tex., on the brief), for petitioner.

W. D. Girand, of Abilene, Tex., trustee, pro se.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This case is brought up in the form of a petition to superintend and revise in matter of law, but will be treated as an appeal under section 24b of the Bankruptcy Act of 1898, as amended by the Act of May 27, 1926 (11 USCA § 47[b]). Petitioner was adjudicated bankrupt December 13, 1926, and surrendered two certain pieces of real estate, one of which he claimed as a business homestead and the other as a residence homestead, under the laws of Texas.

The city of Abilene filed a claim for taxes assessed against the said property, amounting to $127.F0, and asked that it be paid by priority. The referee found that the property claimed as a business homestead was of the reasonable value of $25,000, and was incumbered with valid liens in the sum of $20,000, leaving an equity of about $5,000, and that the residence homestead was of the reasonable value of $7,000, and ordered the trustee to pay the taxes, on the theory, apparently, that they should be paid because of the equity of the bankrupt in the property. On appeal to the District Court the order of the referee was reversed, and the case is here for a review of the order of the District Court.

Under the law as it was prior to the amendment of section 64 of the Bankruptcy Act of 1898 by the Act of May 27, 1926 (11 USCA § 104), which amendment was in effect when petitioner was adjudicated bankrupt, there were decisions both ways as to the duty of the trustee to pay the taxes on exempt property and other property not administered in the bankruptcy proceedings. These cases, which it is unnecessary to quote, are no longer applicable, as the amendment of 1926 has made a change in the law, which must be given effect. Section 64 now reads as follows:

"(a) The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district; or municipality, in the order of priority as set forth in paragraph (b) hereof: Provided, that no order shall be made for the payment of a tax assessed against real estate of a bankrupt in excess of the value of the interest of the bankrupt estate therein as determined by the court."

Under the law as amended by the addition of the proviso above quoted, it is clear that the trustee cannot be required to pay taxes assessed against property set aside to the bankrupt as exempt. It forms no part of the bankrupt estate administered by the trustee, and such equity as there may be in the property over and above valid liens belongs to the bankrupt. Lockwood v. Exchange Bank, 190 U. S. 294, 23 S. Ct. 751, 47 L. Ed. 1061.

Affirmed.