## ZAPALAC v. WHITE, Sheriff.
### No. 329.

District Court, S. D. Texas,
Victoria Division.
Dec. 1, 1934.

420

E. J. Motis, of Yoakum, Tex., for complainant.

Baker, Botts, Andrews & Wharton and P. R. Rowe, Jr., all of Houston, Tex., for defendant.

KENNERLY, District Judge.

This is a proceeding under the act of Congress approved March 3, 1933, respecting agricultural compositions and extensions, and under acts approved June 7, 1934, and June 28, 1934, amendatory thereof (11 USCA § 203). All three acts are Amendatory of the General Bankruptcy Act of July 1, 1898 (11 USCA).

The farmer debtor has claimed certain real estate in Jackson county in this district and division, as exempt to him as a homestead under the Constitution and laws of Texas (sections 50 and 51, article 16, Texas Constitution; articles 3832, 3833 and 3834, Texas Revised Civil Statutes 1925), and, while the details are not shown by the record, it appears that the Edna National Farm Loan Association and others have a lien thereon to secure certain indebtedness of the farmer debtor to them. Also that judgment has been rendered for such indebtedness and for foreclosure of such lien in the state court, and that, under execution and order of sale issued on such judgment, such property has been levied upon and advertised for sale on December 4, 1934, by H. L. White, sheriff of Jackson county. Farmer debtor has applied to this court for a preliminary injunction to restrain such sale, and this is a hearing thereon.

1. A portion of subdivision (j) of the amendment of March 3, 1933 (11 USCA § 203 (j), reads as follows: "Provided, That the provisions of this section shall not affect the allowances and exemptions to debtors as are provided for bankrupts under title 11, chapter 3, section 24, of the United States Code, and such allowances and exemptions shall be set aside for the use of the debtor in the manner provided for bankrupts."

■ This means that there is carried into the amendment of March 3, 1933, the same provision with reference to exempt property, and the setting aside of same to the farmer debtor, as are contained in the General Bankruptcy Act of July 1, 1898 (section 6 [11 USCA § 24]), and with the same construction. The uniform construction which has been given section 6 is that the jurisdiction of the bankrupt court is limited to setting aside such exemptions to the bankrupt. Lockwood v. Exchange Bank, 190 U. S. 294, 23 S. Ct. 751, 47 L. Ed. 1061.

■ 2. Subdivision 3 of General Order 50, promulgated by the Supreme Court, May 15, 1933 (11 USCA § 53), under the Act of March 3, 1933, requires the Concilation Commissioner to call the first meeting of the creditors of the farmer debtor, and, prior to such meeting, to set off to him the exemptions to which he is entitled. General Order 50, subd. 3; section 203, tit. 11 USCA. I think this may be regarded as a construction by the Supreme Court of the Act of March 3, 1933, as meaning that the bankrupt court has only jurisdiction to set off exempt property to the farmer debtor as under section 6.

3. In Re Osterritter, 3 F. Supp. 674, this court gave a similar construction to the Act of March 3, 1933 (section 202, tit. 11 USCA), relating to compositions and extensions for certain debtors.

4. Subdivision (o) of section 203, tit. 11 USCA (Act March 3, 1933), provides for the stay of proceedings in the foreclosure of liens on, and in the sale under execution of, lands of debtors under certain circumstances. Subdivision (p) of such section is as follows (italics mine): "The prohibitions of subdivision (o) shall not apply to proceedings for the collection of taxes, or interest or penalties with respect thereto, nor to proceedings affecting solely property other than that used in farming operations or *comprising the home* or household effects of the farmer or his family."

■ 5. Giving consideration to the foregoing, I see no escape from the conclusion that, under acts of Congress discussed (section 203, tit. 11 USCA and Amendments), the bankrupt court has no jurisdiction over property claimed as exempt by the farmer debtor, other than to set it aside to him, and no jurisdiction to enjoin a sale thereof such as is sought to be enjoined here.

The preliminary injunction is denied.