### SEARS, ROEBUCK & CO. v. McALLISTER.

#### No. 12461.

United States Court of Appeals
Ninth Circuit.
Sept. 28, 1950.

488

Henry Elliott and Nelson T. Lee, Seattle, Wash., for appellant.

No appearance was entered on behalf of appellee.

Before MATHEWS, HEALY and POPE, Circuit Judges.

PER CURIAM.

In this matter the appellant, which sold to the bankrupt a refrigerator, a heater, and other personal property, under a conditional sale contract not filed as required by Washington law, appeals from an order approving the referee's finding that appellant's interest in the property, to the extent of the uncollected purchase price, has passed to the trustee. The appeal is bottomed upon the claim that the articles described were exempt, and hence no title passed to the trustee, and that therefore appellant may enforce collection from the bankrupt, under the principle of Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061.

We think that upon the record before us appellant is not in a position to complain. The record fails to show that this specific property, or any of it, was in fact exempt. While the bankrupt claimed "household goods" and "wearing apparel" as exempt, the trustee never saw any of such property, much less took possession of it, for the purpose of setting aside proper exemptions, or determining whether the $500 in exempt property allowed by Washington law could possibly include these articles. Such duty was not performed. Collier on Bankruptcy, 14th Ed., § 70.08. For aught that we can tell the trustee should have had not merely the seller's interest, but the articles themselves, in their entirety. We find no occasion to express any opinion as to the pro-

priety of the referee's separating the seller's and the buyer's interests, as he did, since upon the record we find that appellant has shown no ground for complaint. The order is affirmed.