**In the Matter of Abraham SOKATCH, Bankrupt.**

**No. 62–B–269.**

United States District Court
E. D. New York.

Sept. 19, 1962.

Michaels & Michaels & Wigdor, by David E. Pressman, New York City, for creditor.

Julius R. Oltarsh, by David E. Oltarsh, New York City, for the bankrupt.

RAYFIEL, District Judge.

This is a petition by Sachs Quality Stores, Inc., a creditor herein, to review an order of Hon. Sherman D. Warner, Referee in Bankruptcy, dated July 30, 1962, which dismissed its application for a stay of the bankrupt's discharge.

Its application was based on the following facts:

On September 14, 1959 it sold to the bankrupt certain household furniture for $582.84, plus service charges. After a default in payment it commenced an ac-tion against the bankrupt which resulted in a judgment in its favor in the sum of $459.43, entered August 2, 1960. Various payments thereon were made by the bankrupt, the last of them in November, 1961.

On March 30, 1962 the bankrupt filed a voluntary petition in bankruptcy. He was adjudicated a bankrupt and an order was entered fixing April 19, 1962 as the date for the first meeting of creditors and May 31, 1962 as the last day to file objections to his discharge. On May 17, 1962 the creditor herein moved before the Referee for an order staying the discharge of the bankrupt for a reasonable period so that it might have an opportunity to proceed in the state court against the property which it had sold to the bankrupt, and which was exempt as against the Trustee.

The creditor contends that pursuant to Section 665, Subdivision 8, of the New York Civil Practice Act the household furniture which it sold to the bankrupt was *not* exempt from levy under execution so far as *its* claim is concerned. That Section reads as follows:

"§ 665. Exempt personal property owned by householder. The following personal property when owned by a householder is exempt from levy and sale by virtue of an execution, and each movable article thereof continues to be so exempt while the family or any of them are removing from one residence to another:

\* \* \* \* \* \*

"5. All wearing apparel, *household furniture*, crockery, tableware and cooking utensils necessary for the judgment debtor and the family.

\* \* \* \* \* \*

"8. The articles specified in subdivisions one through seven of this section shall not be exempt from sale by virtue of an execution where such execution is issued upon a judgment recovered wholly upon one or more demands \* \* \* (b) *for the purchase money of one or more ar-*

*ticles exempt as prescribed in this section."* (Emphasis supplied.)

It argues that the household furniture in question is, therefore, not exempt from execution and levy notwithstanding the debtor's adjudication in bankruptcy. As hereinbefore stated, it sought a delay in the granting of the bankrupt's discharge so that it might proceed under its state court judgment since the debt was dischargeable in bankruptcy.

It cites as authority for its position the case of Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061, wherein the Supreme Court held that the bankruptcy court had no right to enforce an unsecured creditor's claim against the bankrupt's property which was exempt even though the bankrupt had waived the exemption authorized by the state. However, it held that the creditor was entitled *"to a reasonable postponement of the discharge of the bankrupt, in order to allow the institution in the state court of such proceedings as might be necessary to make effective the rights possessed by the creditor."*

This is the procedure which has been followed since the decision in the Lockwood case, supra. Collier on Bankruptcy, 14th Edition, in commenting on the "Enforcement of Liens and Claims on Exempt Property", Vol. 1, 6.05, at page 809, states as follows:

"Shortly after the passage of the Act of 1898, it was thought in some districts that the bankruptcy court had power to pass on the validity of and enforce liens on exempt property. The Supreme Court, however, in *Lockwood v. Exchange Bank,* clearly negatived this view. The rule is now well settled that the bankruptcy court has no jurisdiction to enforce a lien or claim upon exempt property and that such matters must be litigated, usually in the state courts."

It then went on to say, at page 812, et seq.,

"A court of bankruptcy, therefore, has no jurisdiction to entertain a plenary suit by a creditor of the bankrupt to reach and subject such exempt property to his claim. Similarly, there is no jurisdiction in the bankruptcy court to determine adverse claims to exempt property. *The usual procedure is to withhold discharge upon application until such claims can be litigated in the proper tribunal,* for if this is not done and the creditor's lien not perfected, the bankrupt's discharge will leave the creditor without recourse against the exempt property". (Emphasis mine.)

Further, it has this to say about "Property Not Paid For", the situation in the case at bar, at page 816:

"There has been some confusion in the cases where an exemption is claimed out of property not paid for. The fact that property is not paid for and that certain creditors may have a lien on it for their purchase money, by statute or otherwise, should not prevent it from being set aside as exempt in the bankruptcy proceedings. As pointed out in Matter of Lippow, [7 Cir.] (92 Fed.2d 619), the only question of determination in the bankruptcy court is whether as against general creditors the property is exempt. If so, the exemption should be set apart, even though as to specific creditors the property may not be exempt. Any other result is not in accord with the doctrine established by the *Lockwood* case.

"There have been some holdings, however, that where property otherwise exempt is not paid for and the state law removes the exemption as to the purchase money obligation, the property will not be set aside as exempt in the bankruptcy court. Such a rule amounts to adjudicating the claim of a creditor in the bankruptcy court, but its effect is to make the property part of the assets

subject to the claims of all creditors. Various arguments have been advanced in support of this view, *but it seems clear, nevertheless, that the cases are clearly contra to the Lockwood decision and the weight of authority."* (Emphasis and matter in parentheses added.)

In view of the foregoing the creditor's motion to stay the discharge of the bankrupt for a reasonable period of time should have been granted. Accordingly, this matter is referred back to Hon. Sherman D. Warner, Referee in Bankruptcy, with directions to grant a reasonable stay of the bankrupt's discharge in order to give the creditor an opportunity to proceed in the state court against the property which it sold to the bankrupt.

Settle order on notice.