Argued June 5, affirmed June 24, 1964

## STATE ex rel BRITT *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

393 P. 2d 649

*William A. Babcock,* Springfield, argued the cause for appellant. With him on the brief was Robert L. Ackerman, Springfield.

*Earl M. Preston,* Assistant Attorney General, Eugene, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

PERRY, J.

The plaintiff caused the defendant to be cited for contempt for its refusal to comply with the trial court's judgment entered in an appeal by the plaintiff from an award made by the defendant to plaintiff under the Workmen's Compensation Act. The trial court exonerated the defendant and the plaintiff appeals.

The record is quite scant, but it discloses that plaintiff was injured in June, 1961; that the Commission paid compensation on the basis of temporary total disability from January 30, 1962 to March 27, 1962; that thereafter the Commission made a finding that

plaintiff was able to resume work on February 11, 1962, and that he had been overpaid the sum of $407.17; that plaintiff had now recovered and the claim was ordered closed.

Plaintiff, being aggrieved by the order, made application for a rehearing on the basis that he had been temporarily partially disabled at all times since February 11, 1962. The Commission denied the rehearing and the plaintiff appealed to the circuit court for Lane county.

On March 26, 1963, pursuant to the stipulation of the parties, the trial court entered the following judgment:

"IT IS HEREBY ORDERED AND ADJUDGED that plaintiff's claim be remanded to the defendant Commission for an order allowing an award of permanent partial disability equal to 40% loss function of an arm for unscheduled disability, being an increase of 40% loss function of an arm for unscheduled disability, with no deduction being made for any prior award of unscheduled disability."

The defendant commission, in complying with the judgment as entered, deducted from the amount due the $407.17 which had been overpaid on the prior award.

Plaintiff concedes the overpayment, but argues that the judgment cannot be construed to permit defendant to diminish the award because of the overpayment since the judgment is clear and unambiguous and must be strictly enforced according to its terms.

The judgment only provides for a permanent partial disability award in addition to the prior award. The words "prior award" could only be construed to

mean that amount of money which plaintiff was entitled to receive under the former award and not to an excess payment to which he was not entitled.

While two awards were made, one by the Commission (with which the plaintiff was dissatisfied) and one by the trial court, nevertheless, there being but a single injury, the judgment entered covers the entire amount of monetary benefits the plaintiff was entitled to receive under the Workmen's Compensation Act for the particular injury received.

■ An examination of the act discloses a legislative intention to provide that a workman who is injured in a single accident is entitled to a recovery of all the monetary benefits provided under the act for all of the disabilities suffered in that accident, and although the act segregates the disabilities suffered for the purpose of determining the benefits to a workman, this does not change the fact that each separate award is but a part of the whole program of rehabilitation and award for disabilities suffered by reason of that injury. Nor does the fact that an award is made by the Commission and changed in whole or in part by an appeal change the rule.

■ While the judgment uses the words "with no deduction being made for any prior award of unscheduled disability," it clearly means that plaintiff is entitled to receive the benefits of permanent partial disability over and above those he was rightfully entitled to receive under temporary total disability.

Since plaintiff was entitled to receive for his single accident a certain sum from the trust funds administered by the Commission, we know of no reason why the Commission may not, where there has been an overpayment as to one of the disability allowances,

adjust the payments to comply with the statutory rights of a workman under the act.

The plaintiff next contends that if the Commission had the power to withhold the overpayment from the subsequent award, still the overpayment was discharged as a debt by his discharge in bankruptcy, which apparently occurred prior to the trial court's judgment and subsequent to the award by the Commission for temporary total disability.

■■ The moneys due or to become due an injured workman are exempt from seizure on execution, garnishment and attachment in all courts, ORS 656.234. Therefore, the subject matter of this proceeding never passed into the hands of the trustee for the benefit of creditors, and all claims affecting exempt property must be adjudicated in the state courts. *Van Slyke v. Bumgarner,* 177 Wash 326, 31 P2d 1014; *Lockwood v. Exchange Bank,* 190 US 294, 23 S Ct 751, 47 L Ed 1061; *In re Vonhee,* 238 F 422.

We, therefore, find no merit in plaintiff's argument.

The judgment of the trial court is affirmed.