**Harold A. SEARS and Marie K. Sears, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. H–77–2105.**

United States District Court, S. D. Texas, Houston Division.

Aug. 20, 1979.

Patrick Wm. Johnson, Chamberlain, Hrdlicka, White, Johnson & Williams, Houston, Tex., for plaintiffs.

Howard A. Weinberger, Atty., Tax Division, Dept. of Justice, Dallas, Tex., for defendant.

MEMORANDUM

McDONALD, District Judge.

This is an action to determine the validity of a federal tax lien on the plaintiffs' residence. Jurisdiction is proper under 28 U.S.C. §§ 1340 and 2410. *United States v. Creamer Industries, Inc.*, 349 F.2d 625 (5th Cir. 1965), *cert. denied*, 382 U.S. 957, 86 S.Ct. 434, 15 L.Ed.2d 361 (1965). The parties have submitted the case on the pleadings with the facts stipulated as follows:

1. The Commissioner of Internal Revenue determined that a tax deficiency existed with respect to the income tax return of Harold A. and Marie K. Sears, the plaintiffs, for the tax period ended December 31, 1966.

2. The plaintiffs contested the deficiency in the United States Tax Court and, pursuant to an agreement between the parties, a decision was entered on December 17, 1975, that there was a deficiency in income tax due from the plaintiffs for the tax year 1966 in the amount of $342,955.74.

3. On January 15, 1976, the Internal Revenue Service made an assessment against the plaintiffs in the amount of $528,635.74 for the period ended December 31, 1966. This amount included the income taxes determined to be due pursuant to the Tax Court proceeding plus interest.

4. On May 11, 1976, the plaintiffs filed petitions in bankruptcy in the United States District Court for the Southern District of Texas.

5. On July 28, 1976, the plaintiffs received a discharge in bankruptcy effective as of May 11, 1976.

6. The Internal Revenue Service filed a federal tax lien against the plaintiffs in Montgomery County, Texas, on July 23, 1976, in the amount of $528,635.74.

7. By letter dated October 28, 1976, the Internal Revenue Service advised the plaintiffs that the taxes assessed on January 15, 1976, were dischargeable in bankruptcy.

8. Prior to filing for bankruptcy, the plaintiffs owned a residence located at 28911 Enchanted Drive, Conroe, Texas 77302, more fully described in Schedule B to their voluntary petition for bankruptcy. Such residence was claimed as exempt by the plaintiffs in Schedule B-4 to their petition and was allowed by the court as exempt from the Bankruptcy Act.

The plaintiffs contend that the federal tax lien on their residence is invalid, as it was filed after the effective date of their discharge in bankruptcy. The government contends that the lien lawfully stands. Both parties agree that the applicable law is Section 17(a) of the Bankruptcy Act, 11 U.S.C. § 35(a):

A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof within three years preceding bankruptcy: *Provided however*, That a discharge in bankruptcy shall not release a bankrupt from any taxes (a) which were not assessed in any case in which the bankrupt failed to make a return required by law, (b) which were assessed within one year preceding bankruptcy in any case in which the bankrupt failed to make a return required by law, (c) which were not reported on a return made by the bankrupt and which were not assessed prior to bankruptcy by reason of a prohibition on assessment pending the exhaustion of administrative or judicial remedies available to the bankrupt, (d) with respect to which the bankrupt made a false or fraudulent return, or willfully attempted in any manner to evade or defeat, or (e) which the bankrupt has collected or withheld from others as required by the laws of the United States or any State or political subdivision thereof, but has not paid over; but a discharge shall not be a bar to any remedies available under applicable law to the United States or to any State or any subdivision thereof, against the exemption of the bankrupt allowed by law and duly set apart to him under this title: *And provided further*, That a discharge in bankruptcy shall not release or affect any tax lien; . . .

In the context of this case, one's attention is immediately drawn to the proviso that "a discharge in bankruptcy shall not release or affect any tax lien." If taken literally, that proviso would dispose of this case. The plaintiffs, however, cite substantial authority to the effect that that proviso has been interpreted to apply only to tax liens recorded prior to the effective date of the discharge in bankruptcy. *See In re*

*Braund,* 289 F.Supp. 604 (C.D.Cal.1968), *aff'd per curiam,* 423 F.2d 718 (9th Cir. 1970), *cert. denied sub nom. United States v. McGugin,* 400 U.S. 823, 91 S.Ct. 44, 27 L.Ed.2d 51 (1970); 1A *Collier on Bankruptcy* ¶ ¶ 1612–1619 (14th ed. 1978). As stipulations 5 and 6 indicate, the tax lien on the plaintiffs' residence was recorded after the effective date of their discharge in bankruptcy. Therefore, the plaintiffs say, the proviso does not establish the validity of the tax lien.

The government agrees. It, however, points to a different clause in Section 17(a). According to the government, the tax lien on the plaintiffs' residence is valid because "a discharge shall not be a bar to any remedies available under applicable law to the United States . . . against the exemption of the bankrupt allowed by law and set apart to him . . . " 11 U.S.C. § 35(a).

■ The government is right. The plaintiffs' residence was exempt from the bankruptcy proceeding under Texas' homestead provision, *Tex.Rev.Civ.Stat.Ann.* art. 3833 (Vernon), and was set apart to them by the bankruptcy court. Stipulation 8. It is not, however, exempt from tax enforcement proceedings; a person's home may be seized and sold to satisfy his or her tax debts. 26 U.S.C. § 6334. *See Weitzner v. United States,* 309 F.2d 45 (5th Cir. 1962), *cert. denied,* 372 U.S. 913, 83 S.Ct. 727, 9 L.Ed.2d 720 (1963). There being "remedies available under applicable law to the United States . . . against the exemption of the bankrupt allowed by law and set apart to him," the plaintiffs' discharge in bankruptcy does not bar the federal tax lien.

This interpretation, the plaintiffs argue, confuses the issue. It is stipulated, they say, that their tax liability is dischargeable in bankruptcy. Stipulation 7. Only liabilities for which liens are recorded prior to the effective date of the discharge are saved by the proviso they quote from Section 17(a). Their liability is not in that group. Thus, they maintain, their liability was discharged.

■ But the plaintiffs miss the point. Under Section 17(a), there is a crucial distinction between non-exempt and exempt property. In order to be valid against non-exempt property, a tax lien must be recorded prior to the effective date of the discharge in bankruptcy; otherwise, as to that property, the liability is discharged and the lien has no legal force. In order to be valid against exempt property, however, it does not matter when or whether the tax lien is recorded; the discharge in bankruptcy does not extend to the exempt property. As *Collier on Bankruptcy,* which both parties have treated as the definitive treatise in this area, states at Vol. 1A, ¶ 17.14[7], p. 1623:

> Finally, even, if a tax liability is dischargeable by the terms of § 17a(1), it may continue to exist against and be collected from the bankrupt's exempt property, if any. Section 17a(1) provides explicitly that 'a discharge shall not be a bar to any remedies available under applicable law to the United States or to any State or any subdivision thereof, against the exemption of the bankrupt allowed by law and duly set apart to him under this Act.' Generally speaking, federal tax claims have been held not subject to state exemption laws, and the Bankruptcy Act merely gives cognizance to this policy. In effect, the discharge will not be a bar to collection as against exempt property.

(Footnote omitted.) *Accord,* Plumb, *Federal Tax Liens* 205 n. 72 (3d ed. 1972).

■ There is an important reason for this differential treatment of non-exempt and exempt property in regard to tax liens under Section 17(a). A court of bankruptcy has no jurisdiction over exempt property other than that necessary to set it aside to the bankrupt. It does not have the power to administer or distribute such property. *Lockwood v. Exchange Bank,* 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903); 1A *Collier on Bankruptcy* ¶ 6.05 (14th ed. 1978). That being so, logic leads one to the conclusion that a discharge issued by a bankruptcy court cannot extend to exempt property.

Congress has determined that homesteads can be seized and sold to satisfy tax debts. 26 U.S.C. §§ 6331, 6334. A ruling in the plaintiffs' favor would mean that their residence could not be so treated. Although that outcome might be acceptable if it was the result of an equitable consideration by the bankruptcy court of the various claims of the creditors and obligations of the plaintiffs, it makes no sense whatsoever when the bankruptcy court lacks jurisdiction to administer and distribute the homestead.

The plaintiffs have requested declaratory and injunctive relief from this Court. As the Court has determined that the plaintiffs' discharge in bankruptcy does not bar the federal tax lien on their home, the plaintiffs' request for relief is DENIED. Accordingly, judgment is hereby entered for the defendant. The plaintiffs' complaint is dismissed with prejudice.