In the Matter of Martha Strickland
REPLOGLE, Debtor.

OLD COLONY COOPERATIVE
BANK, Plaintiff,

v.

Martha Strickland REPLOGLE and
David Gorman, Trustee,
Defendants.

Bankruptcy No. 80–127 C.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Aug. 11, 1980.

Deborah M. Paris, Tampa, Fla., for plaintiff.

Jackie Whatley, Tampa, Fla., for Martha Strickland Replogle.

Harley E. Riedel, Tampa, Fla., for David Gorman.

David Gorman, St. Petersburg, Fla., Trustee.

ORDER ON MOTIONS TO DISMISS

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS IS an adversary proceeding instituted by Old Colony Cooperative Bank (Old Colony) in the above–captioned liquidation case filed under Chapter 7 of the Bankruptcy Code by Martha Strickland Replogle (the Debtor), one of the defendants named in the complaint. The other defendant is David Gorman who was, at the time the complaint was filed, the acting interim trustee of the estate of the Debtor, but who now is the acting trustee.

The complaint seeks a relief from the automatic stay imposed by § 362 of the Bankruptcy Code and alleges, inter alia, that Old Colony holds a valid mortgage on certain real property located in Tampa, Florida; that the mortgage is in default and there is now due and owing to Old Colony as of February 1, 1980, principal and interest in the amount of $1,315; that there is no equity in the subject property and the Defendant Gorman has no interest in the subject property since the same is owned by the Debtor with her non–debtor spouse as tenants by the entireties, therefore, the subject property is not part of the Debtor's estate and as such not protected by the automatic stay of § 362 of the Bankruptcy Code. Accordingly, so contends Old Colony, it should be relieved from the automatic stay, if the stay is applicable, in order to foreclose its mortgage, or in the alternative, the Trustee should be ordered to furnish adequate protection to Old Colony by properly insuring the subject property and preventing further waste and damage to the property. Old Colony has also sought leave to proceed in a state court in a litigation against the Debtor's spouse.

The matters under consideration are two motions, one filed by the Debtor and the other filed by the Interim Trustee. Both motions seek a dismissal of the complaint, but on different grounds. While this might indicate a concerted and a joint effort by the Debtor and the Trustee, at first blush, it is not the case here. On the contrary, their respective positions are quite opposite to each other.

The Debtor's Motion to Dismiss is based on the contention that the real property subject to the mortgage of Old Colony is exempt property because it was listed as such and because there was no objection to the claimed exemption, therefore, the subject property is not part of the Debtor's estate and accordingly, this Court lacks jurisdiction with respect to such property.

In contrast, the Motion to Dismiss filed by the Interim Trustee is based on the contention that the complaint fails to state a claim for which relief can be granted. The automatic stay is effective with regard to actions against the subject property because even if the consent or joinder of the non–debtor spouse is necessary in order to sell the property, the property is still property of the estate by virtue of § 541 of the Bankruptcy Code and as such is within the protective provisions of § 362, but by virtue of § 363(h) can be sold by the Trustee without the consent of the husband.

■ Considering first the Motion to Dismiss filed by the Debtor, it is clear that that Motion is without merit for the following reasons: Even admitting for the purpose of discussion that the property is exempt, a proposition far from being correct, it is clear that the properties of the estate under the Code, unlike under § 70(a) of the Bankruptcy Act, include any and all legal or equitable interest of the Debtor as of the commencement of the case. § 541(a) of the Bankruptcy Code; 11 U.S.C. § 541(a). As stated by Senator DeConcini on July 14, 1978 in the Senate Report of the Judicial Committee to accompany S. 2266, "the Committee emphasizes that '[t]he scope of this paragraph is broad' and that '[i]t includes all kinds of property' in which the debtor has an interest. Senate Report, S.Rep.95–989 at 83. The Senate Committee stressed that § 541(a)(1) 'includes as property of the estate all property of the debtor, even that needed for a fresh start.' The Senate bill, S.2266 differs from the House bill, H.R.8200, only with respect to style. The above comments in the Senate Report basically track verbatim those comments made in the earlier House Report of the Judiciary Committee to accompany H.R. 8200, as reported, filed by Congressman Don Edwards on September 8, 1977 at 82–84; *House Report, H.R.Rep.95–595 at 367–699.*"; U.S.Code Cong. & Admin.News 1978, p. 5787.

■ Thus, it is evident that the Code specifically overrules *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903), in which the Supreme Court held that the jurisdiction of the Bankruptcy Court, with regard to properties which were claimed as exempt, was limited to merely determining the right to claim the exemptions. The Court in *Lockwood, supra* decided that once the property was allowed and set aside as exempt, the Bankruptcy Court's jurisdiction was exhausted. Thus, under the new Code, whether the subject property is exempt or not is of no consequence and has no effect on this Court's jurisdiction to entertain the complaint under challenge. In light of this, it is unnecessary to consider the claim advanced by the Debtor that the subject property is exempt merely because it was listed as exempt on Schedule B–4 filed by the Debtor and there was no objection interposed by anyone to the exemption claim.

■ Considering the motion filed by the Interim Trustee, the remarks made earlier construing the scope and the breadth of § 541 are equally applicable and controls the Trustee's Motion. This being the case, there is no question that the subject property is protected by the automatic stay of § 362. This conclusion, of course, puts the case in an odd posture because, by upholding the contention advanced by the Trustee, the Court must deny the Trustee's Motion to Dismiss. Because the subject property is

protected by the automatic stay, the complaint of Old Colony does, in fact, state a proper claim for relief. This is the only remedy available to Old Colony if it wants to enforce its mortgage lien against the subject property or in the alternative obtain adequate protection under § 361.

As a final comment, it should be obvious from the foregoing that in the present posture of the pleadings, there are no issues framed or that can be framed between the Debtor and the Trustee. Thus, the controversy will be viewed solely in the context of the issues presented by the complaint and the answers now to be filed by the respective defendants.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by the Debtor, Martha Strickland Replogle, and the Motion to Dismiss filed by the Interim Trustee, David Gorman, be, and the same hereby are, denied. Both the Debtor and the Interim Trustee be, and the same hereby are, granted ten (10) days from the date of this Order to file their responsive pleading, if so deemed to be advised.