**In re Syed H. ZAIDI and Shaheen Zaidi, Debtors.**

**No. 98–17100–RGM.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Dec. 16, 2002.

Mark Thomas Crossland, Woodbridge, VA, for Debtors.

W. Clarkson McDow, Jr., II, Alexandria, VA, United States Trustee.

Gordon P. Peyton, Alexandria, VA, trustee.

Dennis J. Early, Office of U.S. Trustee, Alexandria, VA, for U.S. Trustee.

### MEMORANDUM OPINION

ROBERT G. MAYER, Bankruptcy Judge.

THIS CASE was before the court on December 10, 2002, on the motion of Syed H. Zaidi and Shaheen Zaidi to reopen this chapter 7 case and Mr. Zaidi's Supplementary Memorandum filed on December 11, 2002. The court has reviewed the entire bankruptcy file.

This chapter 7 case was commenced by Syed H. Zaidi and Shaheen Zaidi who filed a voluntary petition pursuant to chapter 7 of the United States Bankruptcy Code in this court on September 25, 1998. The debtors scheduled a medical malpractice

claim on Schedule B, item 15, in the amount of $21,500.00. They also claimed the asset exempt on Schedule C pursuant to § 34–28.1 of the Code of Virginia. The amount claimed exempt was $21,500.00. This claim of exemption claimed the entire malpractice claim as exempt.

The first meeting of creditors was scheduled for, held on and concluded on October 22, 1998. No objection to the debtors' claim of the medical malpractice claim was filed within 30 days after the conclusion of the first meeting of creditors. In fact, no objection to any property claimed exempt was ever filed by any party in interest. The debtors were granted a discharge on December 31, 1998. The trustee filed a no distribution report on July 23, 1999 and the case was closed on July 27, 1999.

Mr. Zaidi now seeks to reopen the case. The principal purpose is to determine whether the medical malpractice claim was or remains property of the estate and more particularly whether it was property of the estate on particular dates. Mr. Zaidi asserts that his bankruptcy counsel, the trustee, and his medical malpractice counsel acted improperly with respect to this asset, and if it was property of the estate at particular times, seeks to have the conduct of his attorneys and the trustee reviewed by this court.

The court is authorized to reopen cases to administer assets to accord relief to the debtor or for other cause. 11 U.S.C. § 350(b). However, the court should not reopen a case if to do so would accomplish no purpose or would be futile. *Thompson v. Commonwealth of Virginia (In re Thompson)*, 16 F.3d 576, 581–82 (4th Cir.1994) *cert. den.* 512 U.S. 1221, 114 S.Ct. 2709, 129 L.Ed.2d 836 (1994); *In re Carberry*, 186 B.R. 401 (Bankr.E.D.Va.1995)(reopening case to schedule omitted creditor would be futile).

Thus, the question presented is whether there is any relief that the court may grant to the debtor.

The central issue is whether the medical malpractice claim and settlement proceeds were property of the bankruptcy estate, and if so, the period of time during which they were property of the estate. All property (with certain exceptions, none of which are applicable here) becomes property of the estate upon the commencement of a bankruptcy case. 11 U.S.C. § 541. A case is commenced by the filing of a voluntary petition in bankruptcy, 11 U.S.C. §§ 301, 302. The treatment of property of the estate is different under the Bankruptcy Code of 1978, the law now in effect, than it was under the Bankruptcy Act of 1898. Under the Bankruptcy Act of 1898, exempt property did not become property of the estate. It was not administered by the bankruptcy court. *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903). In 1978, Congress intentionally expanded the scope of property of the estate to include all property including property that might be claimed exempt. Exemptions are provided under § 522 of the Bankruptcy Code. The exemptions that may be claimed are those provided in § 522(d) (the federal bankruptcy exemptions) or under § 522(b)(2), (nonbankruptcy exemptions) unless a state has opted out of the federal bankruptcy exemptions in which case only those exemptions allowable under § 522(b)(2) are available. 11 U.S.C. § 522(b)(1). Virginia has opted out of the federal exemptions. Virginia Code § 34–3.1. Consequently, in Virginia, debtors may only claim those exemptions allowed under § 522(b)(2). These include those allowable under state exemptions. One state exemption is § 34–28.1 which exempts personal injury recoveries, which includes medical malpractice claims. In order to claim an exemption in

bankruptcy, the exemption must be scheduled on Schedule C of the debtor's schedules.

■ Mr. Zaidi properly scheduled the malpractice claim on Schedule B and properly exempted it on Schedule C. The trustee and creditors had 30 days from the conclusion of the first meeting of creditors within which to object to his claims of exemptions. F.R.Bankr.P. 4003(b). If no objection is filed within that period, the exemption is allowed and the property ceases to be property of the estate. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). In this case, neither the trustee nor any creditor filed an objection to the claim of exemption of the medical malpractice claim. On November 21, 1998, 30 days after the conclusion of the first meeting of creditors, all claims of exemption were allowed and, specifically, the medical malpractice claim ceased to be property of the bankruptcy estate. Consequently, the medical malpractice claim (which includes any settlement proceeds) was property of the bankruptcy estate from September 25, 1998, through November 21, 1998.

Mr. Zaidi focuses on an order entered by the Circuit Court of Arlington County, Virginia, ordering disbursement of the proceeds of the medical malpractice claim. Mr. Zaidi stated that the total recovery from the medical malpractice action was $20,000.00. There was a dispute between his attorneys and him as to the disposition of the recovery. The recovery was paid into the Circuit Court in the case he brought against his medical provider. This relieved his medical provider of further liability, but permitted the court to determine the proper allocation of the funds between Mr. Zaidi and his attorneys. The fund increased because of interest earned on it. On December 19, 1998, an order disbursing the funds was presented

to the Circuit Court. The order was endorsed by his two medical malpractice attorneys, by the bankruptcy trustee, and Mr. Zaidi. Mr. Zaidi endorsed it "seen and objected to court disregarded contract provision for binding arbitration". Notwithstanding Mr. Zaidi's objection, the court entered the order authorizing the disbursement of the funds on that date. At the time the order was entered, all of the parties who had an actual or potential interest in the fund were before the court.

At the time the order was actually entered by the court, the trustee had no further interest in the fund because the claim of exemption had been allowed and the property had ceased to be property of the bankruptcy estate. The Circuit Court was assured by the endorsement of the four individuals that everyone who had or could have asserted an interest in the funds was before the court and that all arguments about the proper disposition of the fund could be presented. In light of Mr. Zaidi's handwritten objection on the order, it appears that Mr. Zaidi presented his objection to the court. If he did not actually present his objection to the court in person, he could have and, more importantly, the court knew of the objection. The court overruled the objection. The proper action at that time, if he continued to be aggrieved by the order, was for Mr. Zaidi to take an appeal to the Supreme Court of Virginia. The record is unclear as to whether such an appeal was taken. The funds were disbursed to his medical malpractice lawyers.

Reopening the case will not assist in the determination of when the medical malpractice claim was property of the estate. There are no factual issues in dispute on this issue. It is a question of law which can be determined by a review of the record. Any court can make that determination, if necessary. It is clear on the face

of the record that the bankruptcy estate's interest in the fund ended on November 21, 1998, and that the funds ceased to be property of the estate on that date.

Reopening this case cannot affect the December 18, 1998, order entered by the Circuit Court of Arlington County. The time to appeal to the Virginia Supreme Court has expired. Moreover, this court does not sit as an appellate court to review state court judgments. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

Mr. Zaidi argues that there is further reason to reopen the case, to sanction the attorneys and the trustee for what Mr. Zaidi considers improper conduct. He asserts that the trustee endorsing the order after the claim of exemption had been allowed and after the medical malpractice claim was no longer property of the estate was improper. It is, however, common for a trustee to endorse such orders. The purpose is to provide comfort to the parties and the applicable court that the bankruptcy estate's interest, if any, has been properly represented. There is nothing per se improper about a trustee providing such comfort.

There is a more fundamental problem with Mr. Zaidi's request to sanction the trustee. Under the Bankruptcy Act of 1898, the bankruptcy court appointed trustees and supervised them. In 1978, however, Congress decided that it was more appropriate to separate the judicial function and the administrative function. The judicial function in bankruptcy cases is handled by the bankruptcy courts and the bankruptcy judges. The administra-

tive function is handled by the trustees who are appointed and supervised by the United States Trustee. The Office of the United States Trustee is a part of the Executive Branch of the federal government. It is located within the Department of Justice. The intention was to provide independence to the trustees and assure that their appointments were not dependant upon the bankruptcy judges before whom they appeared. This avoids an appearance of impropriety and assures the trustees of their ability to exercise their independent judgment before the court without fear of judicial repercussions. This does not mean that they are not accountable for their administrative actions. The supervision of the panel trustees is a function of the Office of the United States Trustee and is independent of whether a case is opened or closed. If the Office of the United States Trustee believes that there was an impropriety, it has the ability to supervise the trustee independently of the court. Consequently, seeking to reopen the case to review the conduct of the chapter 7 trustee which is properly the function of the Office of the United States Trustee, is not appropriate. That supervisory function is vested in the Office of the United States Trustee not the court. In this particular case, it appears that the Office of the United States Trustee investigated Mr. Zaidi's complaints and responded to them. There remains nothing for this court to do.[1]

Mr. Zaidi also apparently seeks to have the court determine the proper allocation of the fee and review the conduct of his personal injury attorneys. If there was professional misconduct of the personal injury lawyers, Mr. Zaidi should pursue the matter with the Virginia State Bar which

---

1. Mr. Zaidi asserts that there was a fraud perpetrated on this court. The record does not support this assertion.

regulates the conduct of attorneys. It would be inappropriate for this court to become involved in such action. The two attorneys had no connection with the bankruptcy court. They did not appear in this court nor pursue any suits in this court in relation to this case. This matter is best left to the state agencies responsible for handling complaints against attorneys.

Nor is the court in a position to adjudicate the propriety of the disposition of the funds paid into the Circuit Court of Arlington County, Virginia. This is a state court function which was completed by the Circuit Court almost four years ago. As indicated above, this court does not sit as an appellate court to review state court actions, particularly where that state court action has nothing to do with this bankruptcy proceeding.

The debtor has not suggested any other reason to reopen the bankruptcy case. The reasons suggested are not sufficient to justify the case to be reopened.

Mr. Zaidi objects to considering the United State Trustee's response which was filed after five days before the hearing in this matter. It was filed on December 6, 2002. The hearing was four days later. See Local Bankruptcy Rule 5010–1. The court always exercises its independent judgment even when there is a default to determine whether there are consequences of the default. *Ryan v. Homecomings Financial Network*, 253 F.3d 778 (4th Cir. 2001). Here, even if no response had been filed by the United States Trustee, the court would have reviewed Mr. Zaidi's motion and denied it. The court will deny the motion to reopen.